NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED EXCEPT ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

JOEL FOX, *Petitioner/Appellant,*

*v.*

MARICOPA COUNTY LAW ENFORCEMENT EMPLOYEE MERIT
SYSTEM COMMISSION; MARICOPA COUNTY SHERIFF'S OFFICE;
SHERIFF JOSEPH ARPAIO; INTERIM DEPUTY CHIEF MICHAEL G.
OLSON, *Respondents/Appellees.*

No. 1 CA-CV 14-0177
FILED 3-3-2015

Appeal from the Superior Court in Maricopa County
No. LC2013-000448-001
The Honorable Douglas Gerlach, Judge

**VACATED AND REMANDED**

COUNSEL

Moriarity & Badaruddin, P.L.L.C.
By Shandor S. Badaruddin
*Petitioner/Appellant*

*Joel Fox*
*Petitioner/Appellant*

Maricopa County Attorney's Office, Phoenix
By Tawn T. Austin
*Counsel for Respondents/Appellees Maricopa County Sheriff's Office, Sheriff*
*Joseph Arpaio and Deputy Chief Michael G. Olson*

---

**MEMORANDUM DECISION**

Judge Lawrence F. Winthrop delivered the decision of the Court, in which Presiding Judge Kent E. Cattani and Judge Diane M. Johnsen joined.

---

**W I N T H R O P**, Judge:

¶1　　　　Joel Fox ("Fox") appeals the superior court's order granting the motion to dismiss filed by the Maricopa County Sheriff's Office ("MCSO"), Sheriff Joe Arpaio, and Deputy Chief Michael G. Olson (collectively, "Appellees"). For the following reasons, we vacate the superior court's order and remand for proceedings consistent with this decision.

**FACTS AND PROCEDURAL HISTORY**

¶2　　　　MCSO terminated Fox's employment on October 20, 2011. Fox appealed his termination to the Maricopa County Law Enforcement Employee Merit System Commission ("Commission") in November 2011, prompting the Commission to conduct a hearing from January to April 2012. The Commission upheld Fox's termination, which Fox again appealed. After conducting an additional hearing on September 5, 2012, the Commission upheld Fox's termination and entered its final order on September 7, 2012. On November 1, 2012, Fox filed a petition for special action in the superior court in accordance with Arizona Revised Statutes ("A.R.S.") section 38-1004(A) (2011). Fox's petition was dismissed without prejudice on July 16, 2013 for lack of prosecution, failure to follow court orders, and failure to serve his petition in a timely manner. Fox filed a motion to reconsider, which the superior court denied in a July 30, 2013 minute entry, stating:

> It is not this Court's intention to estop Petitioner from re-filing this matter, if within the applicable statute of limitations. However, if Petitioner is now outside the applicable statute of limitation period, leave is herein granted to Petitioner to re-urge this Petition on that basis.

¶3　　　　Fox then filed a second petition for special action on August 16, 2013, challenging the final order of the Commission. The Appellees filed

a motion to dismiss, alleging the second petition was untimely and barred by the equitable doctrine of laches. Fox opposed the motion to dismiss, arguing the superior court's language from the July 30 minute entry contemplate an opportunity to re-file the petition, and the doctrine of laches did not apply. The superior court heard oral argument on this motion on January 10, 2014, and ultimately granted Appellees' motion to dismiss. Fox timely appealed. We have jurisdiction pursuant to A.R.S. §§ 12-120.21(A)(1) (2003) and 12-2101(A)(1) (Supp. 2014).

**ANALYSIS**

**¶4**        We review a superior court's ruling on a motion to dismiss for an abuse of discretion. *State v. Villegas*, 227 Ariz. 344, 345, ¶ 2, 258 P.3d 162, 163 (App. 2011). To the extent our review may present a question of statutory interpretation, our review is *de novo*. *Id*.

**¶5**        Fox filed the second petition for special action pursuant to A.R.S. § 38-1004(A) (2011), which at that time did not impose a time limit for an individual to seek special action review in the superior court.[1] Despite this, the superior court found that Fox's second petition was untimely as a matter of law. The superior court explained that the July 30 minute entry did not grant Fox relief from any substantive or procedural bar to a second petition, including untimeliness in seeking special action review. In granting the motion to dismiss, the court did not address the issue of laches.

**¶6**        When no applicable time limit is established by statute or rule, only the equitable doctrine of laches bars an appeal on timeliness. *State ex rel. McDougall v. Tvedt*, 163 Ariz. 281, 283, 787 P.2d 1077, 1079 (App. 1990); *see also Rash v. Town of Mammoth*, 233 Ariz. 577, 581, ¶ 9, 315 P.3d 1234, 1238 (App. 2013) (holding the thirty day time limit to file an appeal under Rule 9 of ARCAP does not apply to special actions filed under A.R.S. § 38-1004). Because no statute or rule of limitations applies in the instant case, only the equitable doctrine of laches can act to bar Fox's petition. The superior court should have considered whether laches should bar this special action, and we vacate the order of dismissal and remand for the superior court's analysis and application of that doctrine.

---

[1]        A.R.S. § 38-1004 has since been amended by 2014 Ariz. Legis. Serv. Chap. 240 to require that special actions be brought under this statute within 35 days after a copy of the decision of the Commission is served. *See* A.R.S. § 38-1004(A) (Supp. 2014); *see also* A.R.S. § 12-904(A) (Supp. 2014).

¶7 Appellees ask this Court to apply the doctrine of laches notwithstanding the absence of a ruling by the superior court on that issue. But given the fact-intensive nature of such an inquiry, we decline to do so. Moreover, we note that the burden is on Appellees to show unreasonable delay **and** resulting prejudice, *see Flynn v. Rodgers*, 172 Ariz. 62, 66, 834 P.2d 148, 152 (1992), and here, Appellees have asserted prejudice but have not specifically explained how Fox's delay in seeking special action review has affected their ability to defend the case. Accordingly, we vacate the order of dismissal and remand for the superior court's analysis and application of the doctrine of laches.

**CONCLUSION**

¶8 For the foregoing reasons, we vacate the superior court's order granting the Appellees' motion to dismiss. When considering this motion on remand, the superior court should specifically address whether the equitable doctrine of laches bars Fox's second request for special action review.



Ruth A. Willingham · Clerk of the Court
F I L E D : ama