IN THE COURT OF APPEALS

FILED BY CLERK

MAY 25 2011

COURT OF APPEALS
DIVISION TWO

THE STATE OF ARIZONA,                )        2 CA-CR 2010-0266
                                     )        DEPARTMENT A
                        Appellee,    )
                                     )        O P I N I O N
        v.                           )
                                     )
RICHARD D. VILLEGAS,                 )
                                     )
                        Appellant.   )
_____    )


APPEAL FROM THE SUPERIOR COURT OF PIMA COUNTY

Cause No. CR20094776001

Honorable John S. Leonardo, Judge

AFFIRMED IN PART; REVERSED IN PART

Thomas C. Horne, Arizona Attorney General
  By Kent E. Cattani and Kathryn A. Damstra                      Tucson
                                                     Attorneys for Appellee


Robert J. Hirsh, Pima County Public Defender
  By Lisa M. Hise                                                Tucson
                                                     Attorneys for Appellant


E S P I N O S A, Judge.

¶1         Appellant Richard Villegas was charged and convicted after a jury trial of luring a minor for sexual exploitation in violation of A.R.S. § 13-3554. Villegas's conviction stems from his correspondence, primarily via text message and electronic mail, with a Tucson Police Department detective posing as a fourteen-year-old girl. After the detective responded to an internet posting by Villegas, they agreed to meet, smoke marijuana, and engage in sexual acts. Police officers arrested him at the arranged meeting location.

¶2         The state alleged Villegas's conduct constituted a dangerous crime against children (DCAC) pursuant to A.R.S. § 13-705. The trial court denied his motion to dismiss that allegation, and the jury found Villegas "knew or had reason to know that the victim was under fifteen years of age at the time he committed the offense." The court, first noting that the conviction fell within § 13-705, suspended the imposition of sentence and placed Villegas on a four-year term of probation. Villegas argues on appeal, and the state concedes, that the court erred in denying his motion to dismiss the DCAC allegation. We review a trial court's denial of a motion to dismiss for an abuse of discretion but, to the extent it presents a question of statutory interpretation, our review is de novo. *State v. Mangum*, 214 Ariz. 165, ¶ 6, 150 P.3d 252, 254 (App. 2007).

¶3         Villegas asserts that, because there was no victim under the age of fifteen, the DCAC statute does not apply. We agree. Section 13-705 provides for enhanced sentences for certain crimes, including luring a minor for sexual exploitation, that are "committed against a minor who is under fifteen years of age." § 13-705(E), (P)(1)(s). A person commits luring a minor for sexual exploitation "by offering or soliciting sexual

conduct with another person knowing or having reason to know that the other person is a minor." § 13-3554(A). The statute additionally states, however, that "[i]t is not a defense . . . that the other person is not a minor." § 13-3554(B). The statute further provides that a conviction is punishable under § 13-705 "if the minor is under fifteen years of age." § 13-3554(C). Thus, the plain language of §§ 13-705 and 13-3554 precludes application of the DCAC sentence enhancement when, as here, the victim is not under the age of fifteen. *See State v. Williams*, 175 Ariz. 98, 101, 854 P.2d 131, 134 (1993) ("[A] dangerous crime against a child is a crime against a child *qua* child."); *see also* 2008 Ariz. Sess. Laws, ch. 301, § 17 (renumbering former A.R.S. § 13-604.01 to § 13-705). Our supreme court has made clear that a defendant's knowledge or subjective belief of the victim's age is irrelevant in determining whether the enhancement should apply—the only germane consideration is whether the defendant directed his or her conduct at a person under the age of fifteen. *See State v. Sepahi*, 206 Ariz. 321, ¶¶ 17, 19, 78 P.3d 732, 735 (2003). Thus, it is immaterial that Villegas believed he was targeting a fourteen-year-old girl.

**¶4** We recognize that, in *State v. Carlisle*, 198 Ariz. 203, ¶¶ 17-18, 8 P.3d 391, 395-96 (App. 2000), Division One of this court determined that DCAC sentence enhancement applied to attempted sexual conduct with a minor under the age of fifteen where the defendant "intentionally took steps to lure his intended victim into prohibited sexual conduct," even though the intended victim was not, despite the defendant's belief, under the age of fifteen. Assuming, arguendo, the vitality of that holding in light of *Sepahi*, *Carlisle* is distinguishable. The *Carlisle* court reasoned in part that, because

3

factual impossibility is not a defense to an attempted crime, it also was not a defense to a DCAC sentence enhancement based on an attempted offense. 198 Ariz. 203, ¶ 17, 8 P.3d at 395-96. That reasoning, however, is inapplicable to a completed crime like the one at issue here. *Cf. Mejak v. Granville*, 212 Ariz. 555, ¶¶ 12-15, 136 P.3d 874, 876-77 (2006) (irrespective of defendant's subjective belief, under previous version of luring statute, defendant cannot be charged with completed offense if victim neither child nor peace officer), *superseded by statute*, 2007 Ariz. Sess. Laws, ch. 248, § 8.

¶5 For the reasons stated, the trial court's denial of Villegas's motion to dismiss the DCAC allegation is reversed. In all other respects, Villegas's conviction and term of probation are affirmed.

/s/ *Philip G. Espinosa*
_____
PHILIP G. ESPINOSA, Judge

CONCURRING:

/s/ *J. William Brammer, Jr.*
_____
J. WILLIAM BRAMMER, JR., Presiding Judge

/s/ *Joseph W. Howard*
_____
JOSEPH W. HOWARD, Chief Judge