IN THE

# SUPREME COURT OF THE STATE OF ARIZONA

STATE OF ARIZONA EX REL. SHEILA SULLIVAN POLK, YAVAPAI COUNTY
ATTORNEY,
*Petitioner,*

*v.*

THE HONORABLE JENNIFER B. CAMPBELL, JUDGE OF SUPERIOR COURT OF
THE STATE OF ARIZONA, IN AND FOR THE COUNTY OF YAVAPAI,
*Respondent Judge,*

FRANCIS FREDERICK KRAPS,
*Real Party in Interest.*

No. CR-15-0303-PR
Filed May 19, 2016

Special Action from the Superior Court in Yavapai County
The Honorable Jennifer B. Campbell, Judge
No. CR 201400413
**REVERSED**

Opinion of the Court of Appeals, Division One
238 Ariz. 109, 357 P.3d 144 (App. 2015)
**VACATED**

COUNSEL:

Sheila Sullivan Polk, Yavapai County Attorney, Dennis M. McGrane
(argued), Chief Deputy County Attorney, Bill R. Hughes, Deputy County
Attorney, Prescott, Attorneys for State of Arizona

John M. Sears (argued), Law Offices of John M. Sears, P.C., Prescott,
Attorneys for Francis Frederick Kraps

JUSTICE TIMMER authored the opinion of the Court, in which CHIEF JUSTICE BALES, VICE CHIEF JUSTICE PELANDER, JUSTICE BOLICK and JUDGE ESPINOSA* joined.

JUSTICE TIMMER, opinion of the Court:

¶1　　　　Under A.R.S. § 13-3212, enhanced and consecutive sentencing provisions apply when a defendant is convicted of engaging in child prostitution knowing that the person is a minor aged fifteen, sixteen, or seventeen. We today hold that these provisions also apply when the "minor" is actually an undercover peace officer.

## I. BACKGROUND

¶2　　　　The State indicted Francis Kraps on two counts of child prostitution in violation of A.R.S. § 13-3212(B)(2).[1] During a pre-trial hearing, the superior court advised Kraps that if he was convicted, the court was required to impose an enhanced sentence between seven and twenty-one years' imprisonment for each count without the possibility of early release, and that the sentences would be served consecutively. *See* A.R.S. §§ 13-3212(D), (G). Kraps moved for reconsideration, asserting that because the "minors" involved were actually undercover police officers posing as sixteen-year-old girls, these sentencing provisions did not apply. The court agreed, ruling that "engaging in any form of child prostitution is a Class 2 felony," but that the enhanced sentencing and consecutive sentencing provisions apply only when actual minors are involved. At the State's request, the court stayed the case to permit special action review.

¶3　　　　The court of appeals reversed the trial court's ruling, holding that the enhanced sentencing provisions in § 13-3212(G) apply when an undercover police officer poses as a minor aged fifteen, sixteen, or

---

* Justice Robert M. Brutinel has recused himself from this case. Pursuant to article 6, section 3 of the Arizona Constitution, the Honorable Philip Espinosa, Judge of the Arizona Court of Appeals, Division Two, was designated to sit in this matter.

[1] Unless otherwise noted, we cite the version of statutes in effect in April 2014, when Kraps allegedly committed the offenses.

seventeen. *State ex rel. Polk v. Campbell*, 238 Ariz. 109, 110 ¶ 1, 357 P.3d 144, 145 (App. 2015). The court did not address consecutive sentencing under § 13-3212(D). We granted Kraps's petition for review because it presents a recurring legal question of statewide importance. We have jurisdiction pursuant to article 6, section 5 of the Arizona Constitution and A.R.S. § 12–120.24.

## II. DISCUSSION

**¶4**        Because the interpretation of § 13-3212 is an issue of law, we review the trial court's ruling de novo. *Cf. Ariz. Citizens Clean Elections Comm'n v. Brain*, 234 Ariz. 322, 325 ¶ 11, 322 P.3d 139, 142 (2014).

**¶5**        Our objective in interpreting statutes is to give effect to the legislature's intent. *Baker v. Univ. Physicians Healthcare*, 231 Ariz. 379, 383 ¶ 8, 296 P.3d 42, 46 (2013). If the statutory language is unambiguous, we apply it as written without further analysis. *Cf. Deer Valley Unified Sch. Dist. No. 97 v. Houser*, 214 Ariz. 293, 296 ¶ 8, 152 P.3d 490, 493 (2007). If, however, the statute is subject to more than one reasonable interpretation, we consider secondary principles of statutory interpretation, such as "the context of the statute, the language used, the subject matter, its historical background, its effects and consequences, and its spirit and purpose." *Ariz. Citizens Clean Elections Comm'n*, 234 Ariz. at 325 ¶ 11, 322 P.3d at 142 (quoting *Wyatt v. Wehmueller*, 167 Ariz. 281, 284, 806 P.2d 870, 873 (1991)).

**¶6**        A person commits child prostitution by causing or enabling a minor to engage in prostitution, § 13-3212(A), or by engaging in prostitution with a minor, § 13-3212(B). Kraps is charged with committing child prostitution in violation of § 13-3212(B)(2), which provides that "[a] person who is at least eighteen years of age commits child prostitution by knowingly . . . [e]ngaging in prostitution with a minor who the person knows is fifteen, sixteen or seventeen years of age." Although the undercover police officers involved here were over age eighteen, "[i]t is not a defense to a prosecution" under subsection (B)(2) "that the other person is a peace officer posing as a minor or a person assisting a peace officer posing as a minor." A.R.S. § 13-3212(C). Kraps does not contest that the State's allegations support the charges under § 13-3212(B)(2).

¶7            The parties' dispute instead concerns these sentencing provisions set forth in § 13-3212:

> **D.** Notwithstanding any other law, a sentence imposed on a person for a violation of subsection A or subsection B, paragraph 2 of this section involving a minor who is fifteen, sixteen or seventeen years of age shall be consecutive to any other sentence imposed on the person at any time.
>
> . . . .
>
> **G**. If the minor is fifteen, sixteen or seventeen years of age, child prostitution pursuant to subsection A and subsection B, paragraph 2 of this section is a class 2 felony, the person convicted shall be sentenced pursuant to this section and the person is not eligible for suspension of sentence, probation, pardon or release from confinement on any basis except as specifically authorized by § 31–233, subsection A or B until the sentence imposed by the court has been served or commuted. . . . [providing range of sentences for first-time and repeat offenders].

¶8            Both parties argue that the plain meaning of these provisions supports their views.  Kraps asserts that "minor" commonly means a person under age eighteen, and subsections (D) and (G) therefore do not apply when an adult police officer poses as a minor.  The State counters that because a defendant can be convicted under § 13-3212(B)(2) when the "minor" is actually an undercover peace officer, the term "minor" in subsections (D) and (G) means a person under age eighteen or a peace officer, or someone assisting a peace officer, posing as a minor.  Both interpretations are reasonable, and we therefore consider secondary principles of interpretation as well as the statutory language to identify legislative intent.

¶9            Unless a statute's context requires another definition, "minor" "means a person under the age of eighteen years."  A.R.S. § 1-215(22).  Considering § 13-3212's history and reading the statute

in its entirety convinces us that the legislature intended to use a different definition of "minor" in § 13-3212(D) and (G).

¶10 Before 2010, § 13-3212(A) provided that a person commits child prostitution, among other ways, by "[e]ngaging in prostitution with a minor," and designated child prostitution a class 2 felony. A.R.S. § 13-3212(A)(8), (D) (2010). In 2010, the legislature deleted the above-quoted language and substituted subsection (B), which delineates three ways a person engages in child prostitution:

> B. A person who is at least eighteen years of age commits child prostitution by knowingly:
> 1. Engaging in prostitution with a minor under fifteen years of age.
> 2. Engaging in prostitution with a minor who the person knows is fifteen, sixteen or seventeen years of age.
> 3. Engaging in prostitution with a minor who is fifteen, sixteen, or seventeen years of age.

*Id.* (Supp. 2010); 2010 Ariz. Sess. Laws, ch. 255, § 6 (2d Reg. Sess.). The legislature also enacted separate sentencing provisions, and specified different felony classifications, that depended on how the offender committed child prostitution and whether the minor involved was older or younger than fifteen. A.R.S. § 13-3212(D)–(G) (Supp. 2010). It provided harsher sentences and more serious felony classifications for offenders convicted of violating subsections (A), (B)(1), and (B)(2) than for those persons convicted of violating subsection (B)(3). *Id.* Notably, the legislature simultaneously enacted subsection (C) to permit convictions under subsections (A), (B)(1), and (B)(2) when the "minor" involved was actually a peace officer posing as a minor or a person assisting a peace officer by posing as a minor. *Id.* (Supp. 2010). In 2011, the legislature enacted subsection (D) to require consecutive sentences for convictions under subsections (A) and (B)(2) involving a minor aged fifteen, sixteen, or seventeen. *Id.* (Supp. 2011).

¶11 The 2010 and 2011 amendments to § 13-3212 demonstrate that the legislature intended to punish most harshly

offenders who engage in prostitution with a minor under age fifteen, regardless of the offender's knowledge of the minor's age, and those who engage in prostitution with a minor who the offender knows or believes is fifteen, sixteen, or seventeen years old. Because the legislature simultaneously provided that it is no defense to these offenses that the "minor" is a peace officer posing as a minor, and it did not separately provide a sentencing provision or a felony classification for a person convicted of engaging in child prostitution with an undercover officer, it follows that the legislature intended that the sentencing provisions set forth in subsections (D) and (G) apply to such offenders. Indeed, the 2010 Arizona Bill Summary transmitted to the Governor applied what is now subsection (G) to the (B)(2) offense, without exception, by characterizing the offense as "a Class 2 felony punishable by a presumptive 10.5 year prison term for a first offense."

**¶12** In arguing that the sentencing enhancements should not apply in cases in which undercover officers have posed as minors, Kraps urges us to "apply the ordinary rules of grammar" to "shift the first dependent clause of subsection (G) to where it logically and grammatically belongs, and to insert the connector 'and.'" So reconstructed, the statute would provide a class 2 felony designation for all (B)(2) offenses before requiring enhanced sentences for offenses involving minors aged fifteen, sixteen, or seventeen. This would cause the provision to read: "Child prostitution pursuant to subsection A and B, paragraph 2 of this section is a class 2 felony, and, if the minor is fifteen, sixteen or seventeen years of age, [the enhancements apply]." We decline to effectively, if not actually, rewrite § 13-3212(G), as that is the legislature's prerogative, not ours. *Cf. Lewis v. Debord*, 238 Ariz. 28, 31 ¶ 11, 356 P.3d 314, 317 (2015) ("It is not the function of the courts to rewrite statutes.").

**¶13** The legislature's intention to apply subsection (G) to offenders whose convictions arise from police "sting" operations is additionally evidenced by considering the consequences of not doing so. Subsection (G) provides that child prostitution committed pursuant to subsection (B)(2) is a class 2 felony and prescribes punishment. Section 13-3212 nowhere identifies a different sentence

for violations of (B)(2) involving adult peace officers posing as minors. It is implausible to infer that the legislature intended to exclude such violations from (G) while not otherwise identifying their punishment, particularly when the legislature was careful to specify in § 13-3212 the penalties for child prostitution depending on the manner in which it was committed. *Cf.* A.R.S. § 13-602(A)–(C) (stating that the legislature designates Title 13 offenses as either a felony, a misdemeanor, or a petty offense).

¶14 To further support his interpretation of subsection (G), Kraps asks us to follow the court of appeals' decisions in *State v. Regenold*, 227 Ariz. 224, 255 P.3d 1028 (App. 2011) and *State v. Villegas*, 227 Ariz. 344, 258 P.3d 162 (App. 2011), which interpreted different versions of the sentencing provision in § 13-3554, the child luring statute. Under both versions, § 13-3554(C) provided that "[l]uring a minor for sexual exploitation is a class 3 felony, and if the minor is under fifteen years of age it is punishable" under the Dangerous Crimes Against Children Act ("DCACA"), which is now codified at § 13-705. Under the statute in effect in *Regenold*, it was not a defense that the other person was a peace officer posing as a minor. A.R.S. § 13-3554(B) (Supp. 2007). Under the version in effect in *Villegas*, it was not a defense that the other person was not actually a minor. A.R.S. § 13-3554(B). Nevertheless, *Regenold* and *Villegas* held that the DCACA's enhanced sentencing provisions do not apply unless the luring victim is a person who is actually under age fifteen. *Regenold*, 227 Ariz. at 225 ¶ 1, 255 P.3d at 1029; *Villegas*, 227 Ariz. at 345 ¶ 3, 258 P.3d at 163.

¶15 Even assuming *Regenold* and *Villegas* were correctly decided, we are not persuaded to reach a similar conclusion here because the luring and child prostitution statutes are materially different. First, unlike § 13-3212(G), § 13-3554(C) provides a felony classification for all luring offenses before requiring enhanced sentences for offenses committed against minors under fifteen. Thus, luring an undercover peace officer posing as a minor is not rendered an unclassified offense without punishment under the court of appeals' interpretation. Second, the decisions relied on the meaning of "minor" in the DCACA, which is not triggered by § 13-3212(G). *See Regenold*, 227 Ariz. at 226 ¶¶ 5–6, 255 P.3d at 1030

(reasoning that the reference to the DCACA showed the legislature's intent that the minor in the sentencing provision refers to an actual child); *Villegas*, 227 Ariz. at 345 ¶ 3, 258 P.3d at 163 ("[A] dangerous crime against a child is a crime against a child *qua* child") (quoting *State v. Williams*, 175 Ariz. 98, 101, 854 P.2d 131, 134 (1993)).

**¶16** Kraps also argues that the interpretation of § 13-3212(G) we adopt is absurd because a (B)(2) offender who engaged in prostitution with an officer posing as a fifteen, sixteen, or seventeen year old would receive a harsher sentence than a (B)(1) offender who engaged in prostitution with an officer posing as a minor under fifteen years of age. We disagree. Subsection (F) provides that a (B)(1) offense is a class 2 felony and is punishable under the DCACA, which provides harsher sentences than those in subsection (G). *Compare* A.R.S. § 13-705(C) *with* § 13-3212(G). Kraps's interpretation of subsection (F) as applying only when actual minors are involved depends on the analysis in *Regenold* and *Villegas*, which we find distinguishable.

**¶17** We hold that "minor," as used in A.R.S. § 13-3212(D) and (G) means a person who is fifteen, sixteen, or seventeen years of age, a peace officer posing as a minor aged fifteen to seventeen years, or someone assisting a peace officer by posing as a minor aged fifteen to seventeen years. Given the importance of providing clear notice of the consequences for criminal conduct, we urge the legislature to be as explicit as possible in specifying criminal penalties. *Cf.* A.R.S. § 13-101(2)(declaring the public policy of this state is "[t]o give fair warning of the nature of the conduct proscribed and of the sentences authorized upon conviction.").

## CONCLUSION

**¶18** We vacate the court of appeals' opinion and reverse the trial court's order.