PERKINS, Judge:
*1263 ¶ 1 James Michael Lantz appeals his conviction and resulting sentence for child prostitution. He argues that the trial court erred by designating his offense as a dangerous crime against children ("DCAC") and enhancing his sentence pursuant to the DCAC sentencing law because the child victim of the offense was not an actual child but an undercover police officer. In Wright v. Gates , the Arizona Supreme Court held that the definition of a dangerous crime against children generally does not apply to an offense where the "child" is an undercover police officer. 243 Ariz. 118, 121-22, ¶¶ 13, 18, 402 P.3d 1003, 1006-07 (2017). Although we agree that Wright requires that the DCAC designation be removed, the relevant language of the child prostitution statute nevertheless independently mandates that the DCAC sentencing provisions apply to Lantz's offense.
FACTUAL AND PROCEDURAL HISTORY
¶ 2 On November 15, 2016, undercover officers conducted a human trafficking sting operation by posting several online advertisements for child prostitution. Lantz responded to one of these advertisements and began a text message conversation with a male detective who was posing as a single mother offering sex with her thirteen-year-old daughter in exchange for a "donation."
¶ 3 After exchanging texts, Lantz asked to speak over the phone and a female detective called him. During that conversation, Lantz requested a photograph of the thirteen-year-old daughter. Two female detectives then posed for a picture, pretending to be mother and daughter. After using a software application to obscure their appearances to some degree, they sent Lantz the photograph. When Lantz received the picture, he noted that the daughter appeared to be older than age thirteen. Explaining that the daughter was nearly fourteen years old, a female detective inquired whether Lantz was still interested, and he assured her that he was.
¶ 4 After establishing some parameters for the sexual encounter, the female detective gave Lantz directions to the sting house. When Lantz arrived, the female detective opened the door and invited him in, and officers arrested him.
¶ 5 The State charged Lantz with one count of child prostitution, a class two felony and DCAC. At trial, Lantz admitted he had solicited prostitution, but claimed he believed he was hiring an adult prostitute who was simply role-playing a child sex fantasy.
¶ 6 The jury found Lantz guilty of child prostitution, expressly finding that the "persona of the minor ... was under the age of 15." The trial court found the offense was a DCAC and sentenced Lantz to a mitigated term of thirteen years' imprisonment. Lantz timely appealed.
DISCUSSION
¶ 7 Lantz contends the trial court improperly designated his offense as a DCAC, and therefore incorrectly imposed an enhanced sentence pursuant to Arizona Revised Statutes ("A.R.S.") section 13-705 (2018). Relying on Wright v. Gates , he argues the DCAC sentencing enhancement "does not apply when a defendant commits a crime against a fictitious child," and therefore he should have been sentenced under A.R.S. § 13-702.
¶ 8 In raising this claim, Lantz does not contest his conviction for child prostitution, and he expressly acknowledges that A.R.S. § 13-3212(C) forecloses any defense to that charge premised on a peace officer having posed as a fictitious minor victim. Instead, he challenges only the designation of his offense as a DCAC and the application of the DCAC
*1264 statutory enhancement to this case, because no actual minor was involved.
¶ 9 We review questions of statutory interpretation de novo . State ex rel. Polk v. Campbell , 239 Ariz. 405, 406, ¶ 4, 372 P.3d 929, 930 (2016). When the language of a statute is clear, "we need not look further to determine the statute's meaning and apply its terms as written." State v . Lee , 236 Ariz. 377, 383, ¶ 16, 340 P.3d 1085, 1091 (App. 2014). We also construe a statute in light of other statutes that relate to the same subject matter, "as though they constituted one law." State ex rel. Thomas v. Ditsworth , 216 Ariz. 339, 342, ¶ 12, 166 P.3d 130, 133 (App. 2007) (quoting Pinal Vista Properties, L.L.C. v. Turnbull , 208 Ariz. 188, 190, ¶ 10, 91 P.3d 1031, 1033 (App. 2004) ).
¶ 10 This case involves two interrelated statutes: A.R.S. § 13-3212 (the "child prostitution statute"), which prohibits child sex trafficking, including child prostitution; and A.R.S. § 13-705 (the "DCAC statute"), which prescribes a range of sentences for a variety of crimes against children. In general, the DCAC statute sets forth enhanced sentences for crimes involving a minor victim under age fifteen.
¶ 11 The child prostitution statute enumerates ten different types of conduct, in addition to prostitution, that constitute unlawful child sex trafficking. A.R.S. § 13-3212(A), (B). It also explicitly forecloses any defense to any of the enumerated crimes, including child prostitution, based on the putative child actually being an undercover peace officer. A.R.S. § 13-3212(C). When a child sex trafficking victim is fifteen years old or older, the child prostitution statute sets forth an explicit sentencing scheme for the court to apply. A.R.S. § 13-3212(G). When a child sex trafficking victim is under age fifteen, however, the statute directs the court to apply the DCAC statute's sentencing scheme. A.R.S. § 13-3212(E), (F).
¶ 12 Lantz was convicted and properly sentenced according to the provisions of the child prostitution statute, which forecloses any defense that the child was fictitious, and which requires imposition of an enhanced sentence for the offense of which Lantz was convicted. In other words, the specific child prostitution offense statute controlled the court's sentencing, and that statute imports the DCAC enhanced sentence under these circumstances.
¶ 13 In 2016, the Arizona Supreme Court considered whether the sentencing provisions in subsection (G) of the child prostitution statute apply when an undercover officer poses as a minor age fifteen or older. State ex rel. Polk v. Campbell , 239 Ariz. 405, 372 P.3d 929 (2016). The Polk court noted: "[T]he legislature simultaneously provided that it is no defense to these offenses that the 'minor' is a peace officer posing as a minor, and it did not separately provide a sentencing provision or a felony classification for a person convicted of engaging in child prostitution with an undercover officer." Id. at 408-09, ¶ 11, 372 P.3d at 932-33. As a result, the court held that the child prostitution statute's sentencing provisions apply to offenses involving an adult peace officer posing as a minor aged fifteen to seventeen years. Id . at 408-09, ¶¶ 11, 13, 17, 372 P.3d at 932-33.
¶ 14 The subsequent Wright decision does not alter the conclusion in Polk or our analysis here. In Wright , the Arizona Supreme Court considered the application of the DCAC sentencing enhancement in the context of solicitation to commit molestation of a child. It held that the definition of a "dangerous crime against children" under the DCAC statute "requires an actual child victim." Wright , 243 Ariz. at 122, ¶ 18, 402 P.3d at 1007 (citing A.R.S. § 13-705(P)(1) ). For this reason, the court held, DCAC enhanced sentences may not be imposed pursuant to the list of offenses in the definition of a "dangerous crime against children" absent an actual child victim. Id. at 121-22, ¶¶ 13, 18, 402 P.3d 1006-07. In reaching this conclusion, the court expressly noted that, unlike the child prostitution statute applicable here, the DCAC statute does not have any qualifying provision that would allow the term "minor" to refer to anyone other than "an actual person." Id . at 121, ¶¶ 13-15, 402 P.3d at 1006.[1] Indeed, the court in Wright distinguished *1265 its earlier conclusions in Polk . Id. at 121, ¶¶ 14-15, 402 P.3d at 1006. In short, the court in Wright construed the consequences of an offense not at issue here, in a way that is not relevant to the statutes that are applicable here. Lantz's reliance on Wright is misplaced in light of the plain language of the child prostitution statute and Polk .
¶ 15 Although the Wright holding does not alter our conclusion affirming Lantz's enhanced sentence, it does require that his conviction be modified to remove the DCAC designation. See Boynton v. Anderson , 205 Ariz. 45, 48-49, ¶¶ 10-11, 15, 66 P.3d 88, 91-92 (App. 2003) (striking DCAC designation of a conviction for an offense not found within DCAC, but affirming an enhanced sentence where the underlying offense statute incorporated the DCAC enhanced sentencing scheme).
CONCLUSION
¶ 16 For the foregoing reasons, we affirm Lantz's conviction and resulting sentence as modified.

During the session that followed Wright , our legislature amended the DCAC statute, rendering Wright 's analysis inapplicable to matters arising after the amendment's effective date, August 3, 2018. See H.B. 2244, 53rd Leg., 2nd Reg. Sess., Ariz. Laws 2018, ch. 181, § 1 (encoded as A.R.S. §§ 13-705(P) (2018) ) ("It is not a defense to a dangerous crime against children that the minor is a person posing as a minor or is otherwise fictitious if the defendant knew or had reason to know the purported minor was under fifteen years of age.").