IN THE

# ARIZONA COURT OF APPEALS
DIVISION TWO

---

STATE OF ARIZONA,
*Petitioner*,

*v.*

HON. JAMES E. MARNER, JUDGE OF THE SUPERIOR COURT OF THE STATE OF
ARIZONA, IN AND FOR THE COUNTY OF PIMA,
*Respondent*,

and

HANEES MOHAMED HANIFFA,
*Real Party in Interest.*

No. 2 CA-SA 2024-0037
Filed October 30, 2024

---

Special Action Proceeding
Pima County Cause No. CR20240488001

**JURISDICTION ACCEPTED; RELIEF DENIED**

---

COUNSEL

Laura Conover, Pima County Attorney
By Tai Summers, Deputy County Attorney, Tucson
*Counsel for Petitioner*

Law Office of Hernandez & Hamilton PC, Tucson
By Joshua F. Hamilton and Carol Lamoureux
*Counsel for Real Party in Interest*

**OPINION**

Judge Eckerstrom authored the opinion of the Court, in which Chief Judge Staring concurred in part, and Presiding Judge Gard dissented.

E C K E R S T R O M, Judge:

**¶1**      In this special action, the state seeks review of the respondent judge's ruling dismissing a dangerous crime against children (DCAC) allegation against defendant Hanees Haniffa on a charge of luring a minor for sexual exploitation pursuant to A.R.S. § 13-3554(C). The respondent reasoned that the statutory scheme requires an actual minor victim under the age of fifteen but, in this case, an adult police officer posed as a child online, making the DCAC sentencing enhancement inapplicable. For the following reasons, we accept special action jurisdiction, but, because we agree with the respondent's conclusion, we deny relief.

**Factual and Procedural History**

**¶2**      The relevant facts are undisputed. Haniffa was indicted on one count of luring a minor for sexual exploitation, specifically, by "offering or soliciting sexual conduct with 'Sadie' (undercover officer), a minor under fifteen years of age, knowing or having reason to know that . . . she was a minor." The state alleged the offense was a DCAC. Haniffa filed a motion to dismiss the DCAC allegation because "luring of a minor is not subject to DCAC enhanced sentencing unless it is committed against an actual minor under the age of 15." After briefing and oral argument, the respondent judge granted the motion to dismiss. This petition for special action followed.

**Special Action Jurisdiction**

**¶3**      "Our decision to accept jurisdiction of a special action is highly discretionary." *League of Ariz. Cities & Towns v. Martin*, 219 Ariz. 556, ¶ 4 (2009); *see also* Ariz. R. P. Spec. Act. 1(a) (special action not available if "equally plain, speedy, and adequate remedy" exists on appeal). Special action jurisdiction is appropriate "in matters of statewide importance, issues of first impression, cases involving purely legal questions, or issues that are likely to arise again." *State ex rel. Romley v. Martin*, 203 Ariz. 46, ¶ 4 (App. 2002).

¶4  We agree with the parties that this case involves several factors supporting special action review, specifically, the issue presented is a matter of statewide importance and a pure question of law that is likely to recur. As the state also points out, resolution of this issue now is particularly important because it "informs plea negotiations and is necessary to the calculus of a defendant's balancing of the risks and benefits of accepting a plea or opting for trial." Indeed, we have previously addressed similar issues in special action proceedings. *See, e.g.*, *State v. Roylston*, 135 Ariz. 566, 566 (App. 1983) (trial court granted defendant's motion to dismiss dangerous-nature allegation, state sought special action review, which this court accepted). We therefore exercise our discretion and accept special action jurisdiction.

## Discussion

¶5  This case involves the interpretation of two statutes: A.R.S. § 13-3554, which prohibits luring a minor for sexual exploitation, and A.R.S. § 13-705, which prescribes a range of punishments for dangerous crimes against children. We review issues of statutory interpretation de novo. *State v. Hall*, 234 Ariz. 374, ¶ 3 (App. 2014). When the language of a statute is clear, "we need not look further to determine the statute's meaning and apply its terms as written." *State v. Lee*, 236 Ariz. 377, ¶ 16 (App. 2014); *see also* A.R.S. § 13-104 (provisions of title 13 "must be construed according to the fair meaning of their terms to promote justice and effect the objects of the law"). We also construe statutes that relate to the same subject matter together, "as though they constituted one law." *State ex rel. Thomas v. Ditsworth*, 216 Ariz. 339, ¶ 12 (App. 2007) (quoting *Pinal Vista Props., L.L.C. v. Turnbull*, 208 Ariz. 188, ¶ 10 (App. 2004)). Simply put, "[w]hen construing statutes, we seek to harmonize them." *Midtown Med. Grp., Inc. v. State Farm Mut. Auto. Ins. Co.*, 220 Ariz. 341, ¶ 22 (App. 2008); *see also State v. Bowsher*, 225 Ariz. 586, ¶ 14 (2010) ("When construing two statutes, this Court will read them in such a way as to harmonize and give effect to all of the provisions involved.").

¶6  Section 13-3554 provides:

> A. A person commits luring a minor for sexual exploitation by offering or soliciting sexual conduct with another person knowing or having reason to know that the other person is a minor.

B. It is not a defense to a prosecution for a violation of this section that the other person is not a minor.

C. Luring a minor for sexual exploitation is a class 3 felony, and if the minor is under fifteen years of age it is punishable pursuant to § 13-705. A person who is convicted of a violation of this section is not eligible for suspension of sentence, probation, pardon or release from confinement on any basis except as specifically authorized by § 31-233, subsection A or B until the sentence imposed by the court has been served or commuted.

The relevant portions of § 13-705 provide:

R. A dangerous crime against children is in the first degree if it is a completed offense and is in the second degree if it is a preparatory offense, except attempted first degree murder is a dangerous crime against children in the first degree.

S. It is not a defense to a dangerous crime against children that the minor is a person posing as a minor or is otherwise fictitious if the defendant knew or had reason to know the purported minor was under fifteen years of age.

T. For the purposes of this section:

1. "Dangerous crime against children" means any of the following that is committed against a minor who is under fifteen years of age:

. . . .

(s) Luring a minor for sexual exploitation.

¶7 The respondent judge applied the plain language of § 13-3554(C) to conclude that "because there is not an actual minor under the age of 15 in this case, . . . § 13-705 does not apply." The respondent further determined that "no conflict exists" between § 13-3554(C) and

4

§ 13-705(T) because they both require "an actual minor under 15 years of age." However, the respondent reflected that "the issue becomes murky" when considering § 13-705(S). Nonetheless, he concluded that accepting the state's argument that the DCAC designation applies in this case would require him to "ignore the language" in § 13-705(T)(1), which "defines a dangerous crime against children as one 'that is committed against a minor who was under fifteen years of age.'" Instead, the respondent adopted Haniffa's suggestion that § 13-705(S) "is more properly focused on section (R) of the statute, which distinguishes between completed/first degree offenses and preparatory/second degree offenses, as opposed to section (T) which defines dangerous crimes against children as those listed and which were committed against a minor who was under fifteen years of age." And because luring under § 13-3554 is a completed offense, *Mejak v. Granville*, 212 Ariz. 555, ¶ 18 (2006), the respondent concluded that § 13-705(S) does not apply.

**I.**

¶8      We agree with the trial court's reading of § 13-3554, subsections (B) and (C). Subsection (B) plainly states that defendants may be convicted of luring even if their target is a fictitious minor. § 13-3554(B). In equally plain language, subsection (C) states that enhanced sentencing under the DCAC statute applies only when the defendant has targeted an actual minor under the age of fifteen. § 13-3554(C) ("if the minor is under fifteen years of age" luring for sexual exploitation "is punishable pursuant to § 13-705"). This has been our court's settled understanding of that provision. *See State v. Regenold*, 227 Ariz. 224, ¶ 4 (App. 2011) ("use of the word 'minor' in § 13-3554(C) refers to an actual child"); *State v. Villegas*, 227 Ariz. 344, ¶ 3 (App. 2011) (same); *see also Boynton v. Anderson*, 205 Ariz. 45, ¶ 15 (App. 2003) ("Although luring a minor for sexual exploitation is not a 'dangerous crime against children,' the legislature has prescribed that it is punishable in accordance with [§ 13-705] under certain circumstances, i.e. when the minor is under fifteen years of age."). The legislature has had ample opportunity to amend the plain language of § 13-3554(C) if it intended to extend DCAC sentencing enhancement beyond our reading of it.

¶9      The state contends, however, that we should instead construe the term "minor" as used in subsection (C) as a term of art that encompasses both actual and fictitious minors. Specifically, the state asserts that subsections (A) and (B) of § 13-3554 use the term "a minor," while subsection (C) uses the term "the minor." The state reasons that "the word

'the' in 'the minor' refers to the person who is the object of the offense (Subsection (A)), whom the offender knows or has reason to know is 'a minor.'" But, we decline to speculate that our legislature intended to articulate the sentencing consequences of a serious criminal act with such subtle changes in its use of articles. Rather, the term "minor," whether preceded by either "the" or "a," has an established meaning in Arizona statutes: "a person under eighteen years of age." A.R.S. § 1-215(21).

¶10 Perhaps more importantly, when drafting § 13-3554, the legislature capably articulated distinctions between minors and those posing as minors, using plain and unambiguous language. *See* § 13-3554(B) (no defense to criminal liability that "the other person is not a minor"). However, no such distinctions appear in subsection (C). *Cf. State v. Mahaney*, 193 Ariz. 566, ¶ 15 (App. 1999) (if legislature "had intended to prohibit probable harm rather than possible harm, it would have clearly said so," as it did in another statute). In essence, the state ultimately maintains that subsection (C) requires DCAC enhancement for those who target minors under fifteen years of age *or those posing as minors under fifteen*. But that is simply not the language the legislature has provided us.

¶11 The state also contends that our supreme court's reasoning in *State ex rel. Polk v. Campbell*, 239 Ariz. 405 (2016), demonstrates the term "minor" may be understood in some contexts as a term of art that includes those posing as minors. In *Polk*, the court determined that "minor," as used in the child prostitution statute, "means a person who is fifteen, sixteen, or seventeen years of age, a peace officer posing as a minor aged fifteen to seventeen years, or someone assisting a peace officer by posing as a minor aged fifteen to seventeen years." *Id.* ¶ 17. However, the court also recognized that "the luring and child prostitution statutes are materially different." *Id.* ¶ 15. And, in a later case, our supreme court rejected the application of *Polk*'s reasoning to § 13-705(T).[1] *Wright v. Gates*, 243 Ariz. 118, ¶ 15 (2017). There, it reasoned that "[t]he context and history of the DCAC statute do not support reading the phrase 'minor who is under fifteen years of age' to include fictitious children." *Id.* In light of that reasoning, coupled with the plain text of § 13-3554(C), we cannot agree that the term "minor," as used in the luring statute, includes a police officer posing as one.

---

[1]Section 13-705 has since been renumbered. *See*, *e.g.*, 2017 Ariz. Sess. Laws, ch. 167, § 3. We refer to the current subsections throughout this opinion.

**¶12**          The state also contends our reading of § 13-3554(C) places that provision at odds with the more recently enacted § 13-705(S). It plausibly reads the latter statute as globally providing that DCAC sentencing enhancements apply equally to those who target actual children and fictitious ones. *See* § 13-705(S) (no defense to a DCAC "that the minor is a person posing as a minor or is otherwise fictitious"); *see also* § 13-705(T)(1)(s) (listing "luring a minor for sexual exploitation" as a DCAC). But this reasoning overlooks that, pursuant to the express instruction of § 13-3554(C), no part of § 13-705 is implicated unless the victim is an actual minor. § 13-3554(C) (only "if the minor is under fifteen years of age" is luring "punishable pursuant to § 13-705"). Only then would we turn to § 13-705 to determine the appropriate sentencing range. Because the language of § 13-3554(C) is plain and unambiguous, because its language instructs us that § 13-705 plays no role in sentencing unless the victim is an actual minor under the age of fifteen, and because the person Hannifa allegedly lured here was not an actual minor, we need not resort to other methods of statutory interpretation or harmonization to determine the applicability of § 13-705 to the instant case. *See Lee*, 236 Ariz. 377, ¶ 16.

## II.

**¶13**          Even assuming the meaning of § 13-3554(C) were subject to two reasonable interpretations, we should reach the same conclusion in construing § 13-3554 and § 13-705 together. *See Thomas*, 216 Ariz. 339, ¶ 12. As the respondent judge pointed out, § 13-3554(C) and § 13-705(T) are harmonious when each is read to require an actual minor under fifteen years of age.

**¶14**          Section 13-705(S) does not change this result. As stated above, that statute provides that "[i]t is not a defense to a dangerous crime against children that the minor is a person posing as a minor or is otherwise fictitious if the defendant knew or had reason to know the purported minor was under fifteen years of age." But, as the respondent judge pointed out, the subsequent subsection, § 13-705(T)(1), simultaneously provides the definition of "dangerous crime against children" as one of the enumerated offenses that is committed against an actual minor who is under fifteen years of age.[2] We should read these provisions in harmony with each other.

---

[2] We do not further debate whether this language in § 13-705(T) refers only to an actual minor. In *Wright*, 243 Ariz. 118, ¶¶ 1, 17-18, our supreme court expressly so held. This was the settled meaning of subsection (T) when the legislature adopted § 13-705(S) without amending subsection (T).

*See State v. Thomason*, 162 Ariz. 363, 366 (App. 1989) ("Courts construe seemingly conflicting statutes in harmony when possible."). We should therefore understand subsection (S) to address threshold criminal liability for dangerous crimes against children, while subsection (T) provides the requirements for sentencing enhancement.

¶15 In context, then, § 13-705(S) applies the principle of § 13-3554(B) — that it is not a defense to a *prosecution* for luring that the minor was fictitious — to other potential DCAC offenses, specifically preparatory ones.[3] Notably, the operative language of § 13-705(S), using the word "defense," closely tracks the language of § 13-3554(B), a provision which, in context, plainly defines the elements of criminal liability for luring as distinguished from the appropriate sentencing range once convicted, the topic of § 13-3554(C).

¶16 My dissenting colleague would read § 13-705(S) more broadly to mean it is not a defense to any *DCAC sentencing enhancement* that a minor is fictitious. That argument is not trivial. Indeed, the legislature placed that provision in the part of our code that addresses sentencing enhancement. And, subsection (S) refers specifically to dangerous crimes against children — a category of offenses defined by the sentencing enhancements attached to them. But the state's reading — that § 13-705(S) precludes any distinction whatsoever between actual children and fictitious ones for DCAC sentencing enhancement purposes — would make § 13-705(S) directly conflict with the jurisprudentially settled meaning of § 13-705(T), *see supra* n.2, a provision the legislature chose not to amend when it enacted

---

[3]The dissenting opinion mischaracterizes this reading of § 13-705(S) as applying exclusively to preparatory offenses. To be sure, many criminal acts that target children, but do not ultimately involve harming an actual child, are most logically charged as preparatory offenses. For this reason, the language in § 13-705(S) clarifying that defendants face criminal liability for preparatory crimes — even in the absence of an actual child victim — may well have been the legislature's primary motivation in enacting that provision. Both the legislative history of § 13-705(S), and its placement adjacent to § 13-705(R), further support that as a plausible legislative purpose. *See infra* ¶¶ 16-19. Nonetheless, the final language contains no such limitation. In my view, the plain language of § 13-705(S) establishes criminal liability for both preparatory and completed potential DCAC crimes in the absence of an actual child victim. Contrary to the state's contention, this reading does not render § 13-705(S) a nullity.

subsection (S). Further, the legislature's use of the phrase "[i]t is not a defense" in § 13-705(S) semantically reinforces that its topic was criminal liability rather than sentencing enhancement. *See Defense*, Black's Law Dictionary (12th ed. 2024) (defining the term as "[a] defendant's stated reason why the . . . prosecutor has no valid case"). Elsewhere in our criminal statutes and rules, as in § 13-3554(B), "a defense" typically refers to a potential exemption from criminal liability that must be litigated to a fact-finder, not to grounds for the ultimate judicial determination of the applicable sentencing range once such liability has been established.[4]

**¶17**        The legislative history of § 13-705(S) further supports this analysis. The legislature drafted and enacted that provision in response to our supreme court's opinion in *Wright*. *See* 2018 Ariz. Sess. Laws, ch. 181, § 1; *see also* H. Summary of H.B. 2244, 53rd Leg., 2d Reg. Sess. (Ariz. Apr. 3, 2018). There, as discussed above, the court concluded that § 13-705(T)(1) "requires an actual child victim for DCAC enhanced sentences to apply to the enumerated offenses." *Wright*, 243 Ariz. 118, ¶ 18. The court further observed, "[I]f the legislature intended to include fictitious children within the DCAC sentencing scheme, it would have included language such as 'a person posing as a minor under the age of fifteen'" in § 13-705(T)(1). *Id.* ¶ 17.

**¶18**        The initial version of the proposed bill amending § 13-705 included the exact language suggested by our supreme court. *See* H.B. 2244, 53rd Leg., 2d Reg. Sess. (Ariz. 2018) (adding "including a person posing as a minor who is under fifteen years of age" to § 13-705(T)(1)). However, the legislature ultimately declined to so amend the definitional language in § 13-705(T) — which *Wright* had determined required an actual minor. It instead adopted the different language of § 13-705(S), paralleling the language used in § 13-3554(B), focused on defenses. This change is significant. Notably, our supreme court has "urge[d] the legislature to be as explicit as possible in specifying criminal penalties" because of the "importance of providing clear notice of the consequences for criminal

---

[4]*See, e.g.*, A.R.S. §§ 13-205 (burden of proof for "affirmative defenses" in chapter labeled "General Principles of Criminal Liability"), 13-206(A) (entrapment is "affirmative defense to a criminal charge" set forth in same chapter), 13-304 ("[n]ondefenses to criminal liability"), 13-401 through 13-421 (identifying justification defenses); Ariz. R. Crim. P. 15.2(b) (setting forth defendant's obligation to provide "notice of defenses" to criminal liability), 15.7(c)(1) (sanctions for failing to timely disclose defenses).

conduct." *Polk*, 239 Ariz. 405, ¶ 17. Accordingly, if the legislature intended to alter the definitional requirements of § 13-705(T) to apply to fictitious minors, we should insist that it plainly say so—as indeed it contemplated in the original bill. Instead, it chose to leave § 13-705(T), and our supreme court's binding construction of it, untouched.

¶19 The placement of § 13-705(S) immediately after § 13-705(R), which addresses completed and preparatory offenses, likewise supports Haniffa's argument—and the respondent judge's reasoning—that subsection (S) was primarily adopted to address criminal liability for preparatory offenses, like those at issue in *Wright*.[5] Put another way, § 13-705(S) provides that it is not a defense to a preparatory or completed DCAC offense that the minor is fictitious if the defendant knew or had reason to know that the purported minor was under the age of fifteen.

¶20 At oral argument, the state contended that our supreme court had recently adopted its understanding of subsection (S) in *State v. Moninger*, ___ Ariz. ___, 552 P.3d 519 (2024). The state specifically argued that if our supreme court had thought the luring of a fictitious minor could not be classified as a DCAC offense, it would have said so when determining the appropriate sentencing range in that case. In *Moninger*, the court addressed whether a luring conviction was probation eligible under § 13-705(K). ___ Ariz. ___, ¶ 36, 552 P.3d at 526-27. The court concluded that the completed offense of luring a minor under the age of fifteen—in that case, an undercover officer posing as a thirteen-year-old girl—is a first-degree DCAC offense and is therefore ineligible for probation. *Id.* ¶¶ 3, 39. Although *Moninger* involved the luring of a fictitious minor in the context of the DCAC statute, the issue currently before us—whether such an offense is DCAC eligible under § 13-3554(C)—was neither raised nor litigated. The court in *Moninger* therefore had no reason to address it and, not surprisingly, made no statement on it. *Moninger* therefore provides no authority, dicta, or reasoning pertinent to the issue before us.

¶21 Our legislature could reasonably conclude that those who intend to commit a criminal act against a fictitious child should suffer equal sentencing consequences to those who have the same intent and victimize an actual child. But the legislature could also reasonably conclude that, although the former should be found equally liable for the same serious

---

[5]In *Wright*, our supreme court determined that solicitation of an enumerated DCAC offense, which is a preparatory as opposed to completed offense, is a second-degree DCAC. 243 Ariz. 118, ¶¶ 9-12.

criminal offense as the latter, the most severe sentencing consequences should be reserved for those who actually harm a child. This is how our supreme court has interpreted the subsection currently codified as § 13-705(T). *See Wright v. Gates*, 243 Ariz. 118, ¶¶ 15-16 (reasoning legislative scheme of "graduated sanctions" in § 13-705 suggest intent to impose "less severe punishment when there is no actual child victim"; further observing that original legislative history of DCAC reinforces that understanding). In my view, we are bound to construe § 13-705(S) in harmony with our supreme court's understanding of § 13-705(T). *State v. Smyers*, 207 Ariz. 314, n.4 (2004).

**¶22** In sum, both the plain language of § 13-3554(C) and our supreme court's settled understanding of § 13-705(T) instruct that luring a minor for sexual exploitation is only eligible for a DCAC sentencing enhancement if the act has been committed against an actual minor victim under the age of fifteen. And because it is undisputed that no such victim existed in this case, the respondent judge did not err in granting Haniffa's motion to dismiss the DCAC sentencing enhancement allegation. *See Hall*, 234 Ariz. 374, ¶ 3.

## Disposition

**¶23** For the reasons set forth in Part I of this opinion,[6] we accept special action jurisdiction, deny relief, and hold that DCAC sentencing enhancements do not apply to a conviction pursuant to § 13-3554 unless the defendant targeted an actual child under the age of fifteen.

S T A R I N G, Chief Judge, concurring in part:

**¶24** I concur with Judge Eckerstrom in the result. But I would conclude the majority opinion at the end of paragraph 12. Because the disposition of this matter does not require us to go beyond plain language analysis, I do not join in the analysis in paragraphs 13-22.

G A R D, Presiding Judge, dissenting:

**¶25** The legislature has adopted a comprehensive statutory scheme to prosecute and punish those who sexually exploit children. *See* A.R.S. §§ 13-3551–13-3562. This scheme includes A.R.S. § 13-3554,

---

[6]Neither Chief Judge Staring nor Presiding Judge Gard join in Part II of the foregoing opinion.

which establishes the offense of luring a minor for sexual exploitation, and A.R.S. § 13-705, which establishes enhanced sentencing ranges for specific enumerated offenses—including luring—designated dangerous crimes against children (DCAC). *See* §§ 13-3554(C), 13-705(G), (T)(1)(s). And in both the luring and DCAC statutes, the legislature expressly provided that it is "not a defense" that the minor victimized was not, in reality, a minor. §§ 13-3554(C), 13-705(S). Despite this language, however, the majority effectively concludes that a minor's fictitious nature is a defense to a DCAC allegation against a defendant charged with luring. Because I believe the majority misinterprets the relevant statutes, I respectfully dissent.

¶26 "Statutory interpretation requires us to determine the meaning of the words the legislature chose to use." *S. Ariz. Home Builders Ass'n v. Town of Marana*, 254 Ariz. 281, ¶ 31 (2023). "We do so neither narrowly nor liberally, but rather according to the plain meaning of the words in their broader statutory context, unless the legislature directs us to do otherwise." *Id.* "We do not . . . consider words in isolation when interpreting statutes." *Estate of Braden ex rel. Gabaldon v. State*, 228 Ariz. 323, ¶ 12 (2011); *see In re Drummond*, ___ Ariz. ___, ¶ 9, 543 P.3d 1022, 1026 (2024) (when interpreting statutes, "[w]e do not view statutory words in isolation, but rather draw their meaning from the context in which they are used" (quoting *DBT Yuma, L.L.C. v. Yuma Cnty. Airport Auth.*, 238 Ariz. 394, ¶ 10 (2015))). Instead, we "view 'the statute as a whole' to 'give meaningful operation to all of its provisions.'" *Columbus Life Ins. Co. v. Wilmington Trust, N.A.*, 255 Ariz. 382, ¶ 11 (2023) (quoting *Wyatt v. Wehmueller*, 167 Ariz. 281, 284 (1991)). Put simply, "[w]ords in statutes should be read in context in determining their meaning." *Stambaugh v. Killian*, 242 Ariz. 508, ¶ 7 (2017).

¶27 And when two statutes are interrelated, we treat them as part of the same statutory scheme. *See SolarCity Corp. v. Ariz. Dep't of Revenue*, 243 Ariz. 477, ¶ 8 (2018) ("The best indicator of [the legislature's] intent is the statute's plain language, which we read in context with other statutes relating to the same subject or having the same general purpose . . . ."). We therefore consider "statutes that are *in pari materia*—of the same subject or general purpose—for guidance and to give effect to all of the provisions involved." *Stambaugh*, 242 Ariz. 508, ¶ 7.

¶28 Sections 13-3554 and 13-705 are interrelated and therefore must be considered together. *See id.*; *SolarCity Corp.*, 243 Ariz. 477, ¶ 8. Section 13-3554 consists of three subsections. The first, § 13-3554(A), defines the elements of luring: "A person commits luring a minor for sexual

exploitation by offering or soliciting sexual conduct with another person knowing or having reason to know that the other person is a minor." The second, § 13-3554(B), establishes that a defendant may be prosecuted for luring even when the person lured is an adult posing as a minor: "It is not a defense to a prosecution for a violation of this section that the other person is not a minor." And the third, § 13-3554(C), designates luring as a class 3 felony and further provides, in relevant part: "[I]f the minor is under fifteen years of age it is punishable pursuant to § 13-705."

¶29 Section 13-705, in turn, enumerates the offenses qualifying for the DCAC enhancement and establishes their sentencing ranges. Section 13-705(T)(1) provides: "For the purposes of this section . . . '[d]angerous crime against children' means any of the following that is committed against a minor who is under fifteen years of age." Luring is included in the enumerated offenses, *see* § 13-705(T)(1)(s), and § 13-705(G) establishes the enhanced sentencing range applicable to that offense. And of particular relevance here, § 13-705(S) provides: "It is not a defense to a dangerous crime against children that the minor is a person posing as a minor or is otherwise fictitious if the defendant knew or had reason to know the purported minor was under fifteen years of age."

¶30 "Reading these statutes in concert [thus] indicates," at least in my view, "a comprehensive statutory scheme governing" both the prosecution of and sentencing for luring. *Columbus Life Ins. Co.*, 255 Ariz. 382, ¶ 15. Under this scheme, § 13-3554(B) makes clear that a defendant cannot escape liability for a violation of § 13-3554 if the minor he lured was fictitious. Both § 13-3554(C) and § 13-705(T)(1)(s) identify luring as a DCAC offense when it involves a minor younger than the age of fifteen. And the DCAC statute provides that a defendant may not evade the DCAC enhancement if he had reason to believe the targeted minor was younger than fifteen years of age, even if that person was not, in fact, a minor at all. § 13-705(S).

¶31 The majority, however, opines that the analysis should begin and end with § 13-3554 because subsection (C) of that statute, by its plain terms, does not permit the DCAC enhancement unless the targeted minor is actually under the age of fifteen years. And even if § 13-3554 could be read to make a defendant eligible for the DCAC enhancement, my colleague opines that § 13-705 independently requires an actual minor's existence for the enhancement to apply. For the reasons explained above, I do not believe we should read § 13-3554 in isolation from § 13-705. Nonetheless, I address each statute separately below.

## I.   Section 13-3554

**¶32**          Section 13-3554(C) does not expressly distinguish between actual and fictitious minors.   But neither does § 13-3554(A), which encompasses fictitious minors by virtue of § 13-3554(B).   Unlike the majority, I do not read subsection (B) as applying only to subsection (A), nor do I discern anything in the text of subsection (C) dictating that § 13-705's enhancement applies only when the person lured is actually younger than fifteen years of age.

**¶33**          The majority turns to A.R.S. § 1-215(21) to define the word "minor," as used in § 13-3554(C), as a person under the age of eighteen years.   I agree that when the legislature has defined a statutory term, we must apply that definition.  *See Zumar Indus., Inc. v. Caymus Corp.*, 244 Ariz. 163, ¶ 14 (App. 2017) ("When a statutory scheme expressly defines certain terms, we are bound by those definitions in construing a statute within that scheme." (quoting *State v. Wilson*, 200 Ariz. 390, ¶ 20 (App. 2001))).   But here, the legislature expressly provided that the definitions in § 1-215 apply "*unless the context otherwise requires*."   (Emphasis added.)  *See also* A.R.S. § 13-3551(6) ("In this chapter, *unless the context otherwise requires* . . . '[m]inor' means a person or persons who were under eighteen years of age at the time a visual depiction was created, adapted or modified.") (emphasis added).   And in my opinion, the context of the word "minor" in § 13-3554(C) requires that the term be defined to include both actual and fictitious minors.

**¶34**          The majority correctly acknowledges that a defendant may be *found guilty* of luring under § 13-3554 regardless whether the minor lured is actual or fictitious.   By so doing, the majority necessarily agrees that the word "minor," as used in subsection (A), includes both chronological minors and persons posing as such.   After all, if the majority is correct in its interpretation of subsection (C), any other construction of subsection (A) would make subsection (B) superfluous.  *See Nicaise v. Sundaram*, 245 Ariz. 566, ¶ 11 (2019) ("A cardinal principle of statutory interpretation is to give meaning, if possible, to every word and provision so that no word or provision is rendered superfluous.").

**¶35**          Because the word "minor" in § 13-3554(A) must be read to include both actual and fictitious minors, the word must carry the same meaning in § 13-3554(C).   As the state correctly recognizes, subsection (A) establishes the luring offense and introduces "a minor" as the object of that offense.   Subsection (C), in turn, identifies the offense's felony class and makes the DCAC enhancement available if "the minor"—meaning the

minor already identified in subsection (A) as the offense's object—is younger than fifteen years of age. *See Smith v. Melson, Inc.*, 135 Ariz. 119, 121 (1983) ("Unlike the indefinite article 'a,' 'the' is a definite article used in reference to a particular thing."). Because the "minor" referenced in subsection (A) may be either actual or fictitious, it follows that the "minor" in subsection (C)—being the same minor already identified in subsection (A)— includes both actual and fictitious minors younger than fifteen years of age.

¶36 I am likewise not persuaded by the majority's conclusion that § 13-3554(B) pertains to the substantive elements of the offense but not the DCAC enhancement. The majority relies on language in subsection (B) providing that it is not a "*defense*" that the lured minor is not, in fact, a minor. (Emphasis added.) But a criminal defendant may "defend" against any allegation brought against him by the state, including a sentencing allegation. *See Defense*, Merriam-Webster, https://merriam-webster.com (last visited Sept. 22, 2024) (defining "defense" as "the denial, answer, or plea of one against whom a criminal or civil action is brought."); *Defense*, Black's Law Dictionary (12th ed. 2024) (defining "defense" as "[a] defendant's stated reason why the plaintiff or prosecutor has no valid case; esp., a defendant's answer, denial, or plea"). And the majority's reliance on statutes and procedural rules using the word "defense" in connection with the guilt-innocence question does not exclude the term from applying to the state's sentencing allegations.

¶37 Accordingly, for the reasons I have explained, "the minor" referenced in § 13-3554(C) must include both actual and fictitious minors. I therefore cannot join the majority's conclusion that subsection (C), standing alone, precludes enhanced DCAC sentencing when there is no actual minor under the age of fifteen. Rather, I would conclude that, even when read outside of the context of § 13-705, § 13-3554 authorizes a defendant to receive a DCAC enhancement when he lures a fictitious minor younger than fifteen years of age.[7]

---

[7]In this vein, I disagree with our decisions in *State v. Villegas*, 227 Ariz. 344 (App. 2011), and *State v. Regenold*, 227 Ariz. 224 (App. 2011), insofar as they rely on § 13-3554's language to conclude that an actual minor victim is required to trigger the DCAC enhancement. But for the reasons I discuss in Section II of this dissent, the legislature's addition of § 13-705(S) after we decided *Villegas* and *Regenold* makes those cases of little import here.

## II. Section 13-705

¶38 I also disagree with my colleague's separate conclusion that, even considering § 13-3554 in conjunction with § 13-705, a defendant may not receive the DCAC enhancement if he lures a fictitious minor. In my opinion, to the extent there is any ambiguity in § 13-3554, § 13-705 resolves it by providing that offenses involving fictitious minors are subject to the DCAC enhancement. *See SolarCity Corp.*, 243 Ariz. 477, ¶ 8; *Stambaugh*, 242 Ariz. 508, ¶ 7. Specifically, § 13-705(T)(1) defines the offenses subject to the enhancement and independently designates luring as a DCAC offense when the minor involved is younger than fifteen years of age. Section 13-705(S), in turn, provides that it is no defense to any dangerous crime against children—including, necessarily, luring—that the targeted minor is not, in fact, a minor.

¶39 My colleague maintains that § 13-705(S) concerns only the "elements of criminal liability" for the offenses enumerated in § 13-705(T), not the DCAC *enhancement*. This construction, though, rests on subsection (S)'s use of the word "defense," which, as I have explained, is not limited to the guilt-innocence question but may also include a defendant's "defense" against a sentencing allegation. Moreover, subsection (S) is embedded within a statutory provision relating to DCAC *sentencing*, which, in turn, is located within a chapter of our criminal code relating exclusively to *sentencing and imprisonment*. *See State v. Soza*, 249 Ariz. 13, ¶ 21 (App. 2020) (considering relevant statute's "place in the statutory scheme" to conclude that it was most "reasonably read as a complement to other drug laws").

¶40 I also cannot agree with my colleague that reading § 13-705(S) to apply to the DCAC enhancement would bring that provision into conflict with § 13-705(T). Citing *Wright v. Gates*, 243 Ariz. 118, ¶¶ 1, 17-18 (2017), my colleague contends that subsection (T)(1)—which in his view concerns the DCAC enhancement, not the elements of the individual offenses—has been interpreted by our supreme court to exclude fictitious minors. My colleague notes that the legislature did not change subsection (T)'s wording when adopting subsection (S) in response to *Wright*.

¶41 But notwithstanding the lack of changes to § 13-705(T)'s wording, § 13-705(S) broadly provides that it is not a defense to a dangerous crime against children—including, necessarily, all of those enumerated in subsection (T)—that a minor is fictitious. Moreover, my colleague's interpretation of subsections (S) and (T) would, as the state recognizes, nullify subsection (S) because there would be "no scenario in which [it] could ever apply." *See Nicaise*, 245 Ariz. 566, ¶ 11. In other words, if

subsection (T) requires an actual minor before an offense may qualify for the DCAC enhancement, there is no circumstance in which a defendant could receive that enhancement for victimizing a fictitious minor. "[W]e avoid constructions that would render statutes invalid or parts of them meaningless." *State v. Thompson*, 204 Ariz. 471, ¶ 10 (2003). My colleague's construction does just that to subsection (S).

¶42        Finally, § 13-705(S)'s legislative history does not persuade me to a different result.[8]  Primarily, as I have explained, the statutory text and its context answers the question here, making the legislative history irrelevant. *See State v. Ewer*, 254 Ariz. 326, ¶ 20 (2023) ("We do not consider legislative history when the correct legal interpretation can be determined from the plain statutory text and the context of related statutes."). But even were we to consider that history, it would not, in my view, support my colleague's interpretation.

¶43        My colleague observes that an early version of the amendment would have added language to § 13-705(T)(1) clarifying that a crime is a DCAC even if it involves a fictitious minor, but the legislature struck this language and adopted § 13-705(S) instead. *See* H.B. 2244, 53rd Leg., 2d Reg. Sess. (Ariz. 2018). As the state recognizes, however, the record is silent as to why the legislature made this change, and we should not speculate about those reasons. And were we to so speculate, it is equally likely that the legislature believed, as I do, that § 13-705(S) adequately

---

[8]My colleague relies on *Wright* and § 13-705(S)'s placement after § 13-705(R), which creates different classes for completed and preparatory DCAC offenses, to conclude that subsection (S) reflects the legislature's primary intent "to address criminal liability for preparatory offenses, like those at issue in *Wright*." But unlike subsection (R), subsection (S) does not distinguish between completed and preparatory offenses and instead applies, by its plain terms, to all DCAC offenses. *See City of Flagstaff v. Mangum*, 164 Ariz. 395, 398 (1990) ("Where the legislature uses a term within one [subsection] and excludes it from another, the term usually will not be read into the provision from which it was excluded."). Nor is there anything in the larger statutory structure suggesting that the legislature intended subsection (S) to apply primarily to preparatory offenses. "Courts will not read into a statute something that is not within the manifest intent of the legislature as indicated by the statute itself, nor will the courts inflate, expand, stretch, or extend a statute to matters not falling within its express provisions." *Cicoria v. Cole*, 222 Ariz. 428, ¶ 15 (App. 2009).

addressed the issue. *See City of Flagstaff v. Mangum*, 164 Ariz. 395, 402 (1990) (observing that a bill's rejection by the legislature "is an unsure and unreliable guide to statutory construction" because "one could also argue that the legislature considered the proposed legislation unnecessary").

**¶44**         For these reasons, I would conclude that § 13-3554, standing alone or viewed in conjunction with § 13-705, permits a defendant to receive the DCAC enhancement for luring a fictitious minor. I therefore respectfully dissent.