IN THE

# SUPREME COURT OF THE STATE OF ARIZONA

STATE OF ARIZONA,
*Petitioner,*

*v.*

HON. JAMES E. MARNER, JUDGE OF THE SUPERIOR COURT OF THE STATE OF
ARIZONA, IN AND FOR THE COUNTY OF PIMA,
*Respondent Judge,*

*and*

HANEES MOHAMED HANIFFA,
*Real Party in Interest.*

No. CR-24-0300-PR
**Filed January 30, 2026**

Special Action from the Superior Court in Pima County
The Honorable James E. Marner, Judge
No. CR20240488-001
**REVERSED AND REMANDED**

Opinion of the Court of Appeals, Division Two
258 Ariz. 512 (App. 2024)
**VACATED**

COUNSEL:

Laura Conover, Pima County Attorney, Tai Summers (argued), J. William
Brammer, Jr., James W. Rappaport, Deputy County Attorneys, Tucson,
Attorneys for State of Arizona

Carol Lamoureux, Joshua F. Hamilton (argued), Law Office of Hernandez, Hamilton, Lamoureux, Tucson, Attorneys for Real Party in Interest Hanees Mohamed Haniffa

Elizabeth Burton Ortiz, Phoenix, Attorney for Amicus Curiae Arizona Prosecuting Attorneys' Advisory Council

Rachel Mitchell, Maricopa County Attorney, Johnny Jacquez, Deputy County Attorney, Phoenix, Attorneys for Amicus Curiae Maricopa County Attorney's Office

Molly Brizgys, Kathleen E. Brody, Mitchell, Stein, Carey, Chapman, PC, Phoenix; and Ian M. McCloskey, Pima County Public Defender's Office, Tucson, Attorneys for Amicus Curiae Arizona Attorneys for Criminal Justice

Kristin K. Mayes, Arizona Attorney General, Alice M. Jones, Deputy Solicitor General/Section Chief of Criminal Appeals, Casey D. Ball, Assistant Attorney General, Phoenix, Attorneys for Amicus Curiae Arizona Attorney General

---

JUSTICE CRUZ authored the Opinion of the Court, in which CHIEF JUSTICE TIMMER, VICE CHIEF JUSTICE LOPEZ and JUSTICES BEENE, MONTGOMERY and KING joined. JUSTICE BOLICK dissented.

---

JUSTICE CRUZ, Opinion of the Court:

¶1        We are asked to decide whether a conviction for luring a minor for sexual exploitation under Arizona's Criminal Code qualifies for a Dangerous Crime Against Children ("DCAC") sentencing enhancement when the "minor" victim is fictitious rather than an actual child. We hold that neither A.R.S. § 13-3554(C), nor § 13-705, require an actual minor be the

2

victim of a defendant's luring for purposes of a DCAC sentencing enhancement.

## BACKGROUND[1]

**¶2** The defendant, Hanees Haniffa, corresponded with an undercover officer posing as a minor girl under fifteen years old and offered or solicited sexual conduct. As a result, Haniffa was indicted pursuant to A.R.S. § 13-3554 for one count of luring a minor for sexual exploitation. The State sought enhanced sentencing pursuant to A.R.S. § 13-705, alleging Haniffa committed a dangerous crime against a child when he lured an undercover police officer posing as a child online. Haniffa moved to dismiss the DCAC allegation, arguing that the sentencing enhancement statute required an actual minor victim be lured, rather than a fictitious one. The superior court agreed, thereby granting Haniffa's motion and dismissing the State's DCAC allegation.

**¶3** The State then petitioned the court of appeals for special action review of the dismissal. The court of appeals accepted special action jurisdiction and, in a split opinion, affirmed the superior court's dismissal of the sentencing enhancement. *State v. Marner*, 258 Ariz. 512, 519 ¶ 23 (App. 2024).

**¶4** We granted review because application of the DCAC sentencing statute is a recurring issue of statewide importance. We have jurisdiction pursuant to article 6, section 5(3) of the Arizona Constitution and A.R.S. § 12-120.24.

## DISCUSSION

**¶5** We review questions of statutory interpretation de novo. *Wright v. Gates*, 243 Ariz. 118, 120 ¶ 7 (2017). "When interpreting statutes, this Court starts with the text." *State v. Serrato*, 568 P.3d 756, 759 ¶ 9 (Ariz. 2025). "We interpret statutory language in view of the entire text, considering the context and related statutes on the same subject." *Nicaise v. Sundaram*, 245 Ariz. 566, 568 ¶ 11 (2019). If a statute's text is clear and

---

[1] The material facts are not in dispute for purposes of addressing the sentencing enhancement question presented.

unambiguous, it controls unless it results in an absurdity or a constitutional violation. *4QTKIDZ, LLC v. HNT Holdings, LLC*, 253 Ariz. 382, 385 ¶ 5 (2022) (quoting *Sell v. Gama*, 231 Ariz. 323, 327 ¶ 16 (2013)). However, "[i]f the statutory language is ambiguous—if 'it can be reasonably read in two ways'—we may use alternative methods of statutory construction, including examining the rule's historical background, its spirit and purpose, and the effects and consequences of competing interpretations." *Planned Parenthood Ariz., Inc. v. Mayes*, 257 Ariz. 137, 142 ¶ 17 (2024) (quoting *State v. Salazar-Mercado*, 234 Ariz. 590, 592 ¶ 5 (2014)).

## I. Luring A Minor For Sexual Exploitation

¶6 Section 13-3554 provides that:

A. A person commits luring a minor for sexual exploitation by offering or soliciting sexual conduct with another person knowing or having reason to know that the other person is a minor.

B. It is not a defense to a prosecution for a violation of this section that the other person is not a minor.

C. Luring a minor for sexual exploitation is a class 3 felony, and if the minor is under fifteen years of age it is punishable pursuant to § 13-705. A person who is convicted of a violation of this section is not eligible for suspension of sentence, probation, pardon or release from confinement on any basis except as specifically authorized by § 31-233, subsection A or B until the sentence imposed by the court has been served or commuted.

¶7 The court of appeals' majority reasoned that the luring statute requires that the minor victim under the age of fifteen be an actual minor and not a fictitious one. *Marner*, 258 Ariz. at 518–19 ¶ 22. Because the "minor" in this case was an adult police officer posing as a child online, that court affirmed the dismissal of the DCAC enhancement. *Id.* at 519 ¶ 22.

¶8            The majority further reasoned the analysis should begin and end with § 13-3554:

> Because the language of § 13-3554(C) is plain and unambiguous, because its language instructs us that § 13-705 plays no role in sentencing unless the victim is an actual minor under the age of fifteen, and because the person Haniffa allegedly lured here was not an actual minor, we need not resort to other methods of statutory interpretation or harmonization to determine the applicability of § 13-705 to the instant case.

*Id.* at 516 ¶ 12.

¶9            The court concluded that under § 13-3554, subsection (B) modified subsection (A), but not subsection (C). *Id.* at 515–16 ¶ 10. Thus, while subsection (A)'s reference to "a minor" includes a fictitious minor by operation of subsection (B) and allows prosecution for luring a minor, subsection (C) nevertheless restricts application of § 13-705 to cases involving an "actual" minor under fifteen years of age. *Id.* That is to say, the court concluded that subsection (C)'s reference to "the minor" is not intended to reference "a minor" mentioned earlier in the same statute's subsection (A). *Id.* at 515 ¶ 9.

¶10            Relying on *State v. Regenold*, 227 Ariz. 224 (App. 2011), and *State v. Villegas*, 227 Ariz. 344 (App. 2011), the court of appeals' majority interpreted § 13-3554(B) as allowing defendants to be convicted of luring a fictitious minor, but interpreted § 13-3554(C) as requiring the defendant to target an actual minor under the age of fifteen before the DCAC enhancement may apply. *Id.* ¶ 8.

¶11            In *Regenold*, the court of appeals held that the "use of the word 'minor' in § 13-3554(C) refers to an actual child, not a fictitious person." 227 Ariz. at 226 ¶ 7. In *Villegas*, the court of appeals determined that "the plain language of §§ 13-705 and 13-3554 precludes application of the DCAC sentence enhancement when, as here, the victim is not under the age of fifteen." 227 Ariz. at 345 ¶ 3. Both cases interpreted versions of § 13-3554 that predate intervening legislative action.

¶12 In 2017, this Court analyzed the then-existing version of A.R.S. § 13-705 to conclude that "enhanced DCAC sentencing does not apply when a defendant commits a crime against a fictitious child." *Wright*, 243 Ariz. at 119 ¶ 1. The Court suggested that, if it wished to apply enhanced punishment for offenses committed against fictitious minors, the Legislature could include additional language in § 13-705. *Id.* at 122 ¶ 17 (stating that "if the [L]egislature intended to include fictitious children within the DCAC sentencing scheme, it would have included language such as 'a person posing as a minor under the age of fifteen'"). We did not suggest amendments to § 13-3554. Shortly after, in 2018, the Arizona Legislature amended A.R.S. § 13-705 to add language that foreclosed the fictitious minor defense in the sentencing context. 2018 Ariz. Sess. Laws ch. 181, § 1 (2d Reg. Sess.) (H.B. 2244).

¶13 At that time, § 13-3554(A) did not distinguish between fictitious and actual minors. Although subsections (B) and (C) were not amended, the amendment to § 13-705—which added that "[i]t is not a defense to a dangerous crime against children that the minor is a person posing as a minor or is otherwise fictitious"—had the effect of clarifying and reinforcing the fact that the fictitious minor defense was not available at sentencing for a conviction of luring a minor. A.R.S. § 13-705(S). Then, in 2022, the Legislature amended subsection (C) by making persons convicted under that statute ineligible for suspension of sentence, probation, pardon, or any release from confinement except as otherwise authorized. 2022 Ariz. Sess. Laws ch. 197, § 7 (2d Reg. Sess.) (H.B. 2696).

¶14 Lastly, in 2025, the Legislature amended the definition of DCAC to include crimes committed "against a person posing as a minor if the defendant knew or had reason to know that the purported minor was under fifteen years of age." § 13-705(T)(1); 2025 Ariz. Sess. Laws ch. 75, § 1 (1st Reg. Sess.) (S.B. 1585). The timing of this legislative enactment is such that this latest amendment does not apply to the instant case. *See State v. Gonzales*, 141 Ariz. 512, 513 (1984) (holding that a statute "will not govern events that occurred before its effective date" unless the statute states

otherwise).[2] But the amendment, taken together with the statutory history, supports our conclusion that § 13-3554 applies to crimes committed against fictitious minors, and there is no provision seeking to offer leniency to persons convicted of luring a minor when the minor is an undercover law enforcement officer.

¶15 The court of appeals' dissent disagreed with the majority's interpretation of § 13-3554. As it observed, nothing in subsection (C) expressly requires the minor to be real—and neither does subsection (A), the provision that creates the offense. *Marner*, 258 Ariz. at 520 ¶ 32 (Gard, J., dissenting). To the contrary, subsection (A) applies to fictitious minors through subsection (B) when the latter declares that "it is not a defense to a prosecution . . . that the other person is not a minor." This is critical to our analysis because subsection (C) uses the phrase "the minor," which refers to the same subject identified in subsection (A) as "a minor." In other words, (B) modifies the entire statute and the placement of (B) after (A) rather than (C) is an insufficient textual clue that subsection (B) only modifies subsection (A). If the Legislature intended to bifurcate guilt and sentencing in such a short statute, as the court of appeals' majority suggests, it could have made its intent explicit, or it could have easily crafted more textual clues to that effect.

¶16 Additionally, the prosecution of a matter continues until final judgment, which occurs after sentencing, and a defendant "defends" against sentencing allegations. Sentencing is a critical stage of the criminal prosecution at which the defendant continues to defend against the State, through presence, counsel, mitigation, and allocution. *See State v. Fettis*, 136 Ariz. 58, 59–60 (1983) (defendant must be present to exercise allocution); *State v. Nelson*, 122 Ariz. 1, 2 (1979) (allocution is a protected right); *State v. Amaya-Ruiz*, 166 Ariz. 152, 174 (1990) (sentencing is a "critical stage of the proceedings"); *State v. Anderson*, 169 Ariz. 381, 382 (App. 1991) (defendant has right to be present at oral sentencing). Once fictitiousness is declared legally irrelevant for purposes of a luring conviction, it cannot then be asserted as a defense to sentencing under the DCAC statute. Otherwise,

---

[2] Though not applicable here, the amendment puts the matter to rest for future cases. A.R.S. § 1-246; *State v. Peek*, 219 Ariz. 182, 185 ¶ 20 (2008); *State v. Fell*, 209 Ariz. 77, 80 ¶ 10 (App. 2004).

fictitiousness would operate as a partial defense, which § 13-3554 expressly forbids. Thus, subsection (B) forecloses fictitiousness as a defense to a prosecution under subsection (A) and to a sentencing enhancement under (C).

**¶17** As we discussed in *Smith v. Melson, Inc.*, "[u]nlike the indefinite article 'a,' 'the' is a definite article used in reference to a particular thing." 135 Ariz. 119, 121 (1983). When § 13-3554(C) refers to "the minor," it references the subject already introduced in § 13-3554(A). Pursuant to § 13-3554(B), "a minor" under § 13-3554(A) may be fictitious. Therefore, "the minor" in subsection (C) refers to the same minor who may be fictitious.

**¶18** Further, "[w]e do not interpret a statute's plain text hyper literally to determine whether it is unambiguous." *Serrato*, 568 P.3d at 760 ¶ 15. But we have recognized that even subtle distinctions in statutory phrasing can reveal important actor-object structures. *Id.* ¶ 17. In *Serrato*, we emphasized the significance of the Legislature's choice to use "a person" for the actor and "human being" for the victim. *Id.* There, as here, context reveals that the statutory terms describe different roles. Subsection (A) defines luring in terms of the actor, or "a person," targeting "a minor," whether real or fictitious under subsection (B); subsection (C) references that same minor to determine eligibility for enhanced sentencing. *See* A.R.S. § 13-3554.

**¶19** Ambiguity in a statute exists only "if there is uncertainty about the meaning or interpretation of a statute's terms." *Hayes v. Cont'l Ins. Co.*, 178 Ariz. 264, 268 (1994). The words in a statute are not evidence of a legislator's intent, rather they are law that judges apply through the prisms the Legislature sets out. *State ex rel. Ariz. Dep't of Revenue v. Tunkey*, 254 Ariz. 432, 437–38 ¶¶ 26–27 (2023) (Bolick, J., concurring). In *Hayes*, the Court considered two reasonable interpretations of a statute's grant of exclusive jurisdiction where the meaning of the statute created uncertainty and ambiguity. 178 Ariz. at 268. But § 13-3554 is different. It does not create the same uncertainty and ambiguity because, in subsection (B), the Legislature expressly provided that the fact a minor is fictitious is not a defense to prosecution for luring a minor for sexual exploitation. As the concurring opinion in *Tunkey* states, judges are bound by the language the

Legislature sets out, because judges follow the text the Legislature provides. 254 Ariz. at 437–38 ¶¶ 27–32. Thus, this Court looks to the language used by the Legislature in the entire section of § 13-3554 to determine whether the statute refers to the same type of minor throughout (actual and fictitious) or two different types (actual and fictitious as to subsection (A), but only actual as to subsection (C)).

**¶20** Section 13-3554(B) provides that "[i]t is not a defense to a . . . violation of *this section* that the other person is not a minor." A.R.S. § 13-3554(B) (emphasis added). "This section" refers to all of § 13-3554, encompassing both subsection (A) and subsection (C). In other words, subsection (B) confirms that fictitious minors count for all purposes under § 13-3554—including sentencing under subsection (C). Although the Legislature could have limited that clarification to subsection (A) only, and to the exclusion of subsection (C), it did not. Courts may not read in limitations that the Legislature did not write. *See In re M.N.*, 563 P.3d 136, 141 ¶ 28 (Ariz. 2025) ("It is a basic principle that courts will not read into a statute something which is not within the manifest intention of the [L]egislature as indicated by the statute itself.") (quoting *Mussi v. Hobbs*, 255 Ariz. 395, 402 ¶ 34 (2023)).

**¶21** We also reject the court of appeals' and Haniffa's reliance on the general statutory definition of "minor" to argue that § 13-3554 requires an actual minor. Section 13-3554 does not define the term "minor," but § 1-215(21) defines a minor as "a person under eighteen years of age." Section 1-215 also states the definition applies "unless the context otherwise requires." Here, context requires us to apply a different definition because the Legislature explicitly acknowledged that fictitious minors count as "minors" under § 13-3554(B). That interpretive choice should continue throughout the statute—including subsection (C). Indeed, even the definitional section for this statutory chapter—§ 13-3551(6)—uses the same "unless the context otherwise requires" disclaimer, reinforcing the idea that context within each section can and should inform the meaning of the word "minor."

**¶22** The court of appeals, itself, has previously decided that the meaning of a word should be read consistently throughout a statute. In *Obregon v. Indus. Comm'n*, 217 Ariz. 612, 613 ¶ 1 (App. 2008), the court

determined the proper interpretation of A.R.S. § 23-1028(A). The phrase "compensation, benefit, or payment" appeared three times in § 23-1028(A). *Id.* at 616 ¶ 21. The court concluded the phrase should be given the same meaning each time. *Id.* Like the phrase in *Obregon*, the word "minor" appears five separate times in this statute. Unless language within the statute so requires, we will also give each usage of the word the same meaning throughout a section of the statute. *Fann v. State*, 251 Ariz. 425, 442 ¶ 60 (2021) ("[W]e presume a word or phrase bears the same meaning throughout a text."); *State ex rel. Indus. Comm'n v. Pressley*, 74 Ariz. 412, 421 (1952) ("[T]here is a natural presumption that identical words used in different parts of the same act are intended to have the same meaning."). Here, § 13-3554(B) provides that it is not a defense to a luring charge that the other person is not a minor. As stated, neither party disputes that subsection (B) modifies subsection (A). If (A)'s reference to "a minor" includes a fictitious minor, (C)'s reference to "the minor" must have the same meaning. Therefore, like subsection (A), subsection (C) allows for sentencing enhancement under § 13-705 for luring a minor, whether actual or fictitious.

**¶23** Our analysis in *State ex rel. Polk v. Campbell*, 239 Ariz. 405 (2016), is also instructive. There, we considered the child sex trafficking statute, which stated that it "is not a defense to a prosecution" if the victim in question was a fictitious child who the defendant knew or should have known was a minor. *Id.* at 406 ¶ 6. Like in this case, the issue in *Polk* was whether the statute's sentencing enhancements applied in cases involving fictitious minors. *Id.* at 405–06 ¶ 1. Just as Haniffa argues now, the *Polk* defendant argued that we should apply the common meaning of "minor" to render the sentencing provisions inapplicable when an officer posed as a minor. *Id.* at 407 ¶ 8. But we held that "[c]onsidering § 13-3212's history and reading the statute in its entirety convinces us that [rather than applying exclusively to a person under the age of eighteen years,] the [L]egislature intended to use a different definition of 'minor' in § 13-3212(D) and (G)." *Id.* ¶ 9. The same logic applies in this case.

**¶24** As a final point, we are aware of our duty to construe language "according to fair meaning . . . to promote justice and effect the objects of the law, including the [purpose]" which prohibits "conduct that unjustifiably and inexcusably causes or threatens substantial harm to individual or public interests." A.R.S. §§ 13-101(1), -104. Here,

subsection (B) is explicit in its mandate removing the fact of a fictitious minor as a barrier to prosecution. A reading consistent with § 13-104 requires that this Court read the prohibition in subsection (B) as applicable to both subsections (A) and (C). Section 13-3554 promotes protection against the threat of substantial harm to minors and the public. Conduct that seeks to exploit minors, including fictitious ones, undoubtedly causes or threatens the interests contemplated in § 13-101(1). The purpose of § 13-3554 is not implicitly or explicitly limited in its application to subsection (A). That purpose is applicable throughout the entire section of the statute.

¶25 The spirit and purpose of the statute penalizing the luring of children for sexual exploitation targets predators who prey on minors and those whose efforts are intercepted by undercover law enforcement officers. As charged, the defendant here set out to intentionally harm a minor. He should not escape enhanced sentencing intended to deter and punish harm against minors merely because his intended victim was, unbeknownst to him, a law enforcement officer. Section 13-3554(B) makes clear that the purpose of § 13-3554 is to protect minors from all predators, including those who foolishly and unwittingly expose themselves to detection by law enforcement sting operations. Therefore, consistent with Arizona statutory policy, we give the entirety of § 13-3554 an interpretation that is consistent with the prosecution and availability of heightened punishment when the minor is actual or fictitious under both subsections (A) and (C).

¶26 We hold A.R.S. § 13-3554(C) does not require an actual minor victim to be lured before § 13-705 may be invoked. Because *Regenold*, 227 Ariz. 224, and *Villegas*, 227 Ariz. 344, interpreted prior versions of § 13-3554, which the Legislature has since amended, we find them inapplicable here.

## II. Dangerous Crimes Against Children; Sentencing

¶27 We next consider whether § 13-705 requires an actual minor victim for purposes of DCAC sentencing enhancement.

¶28 The relevant portions of § 13-705 (2022) state:

> R. A dangerous crime against children is in the first degree if it is a completed offense and is in the second degree if it is a

11

preparatory offense, except attempted first degree murder is
a dangerous crime against children in the first degree.

S. It is not a defense to a dangerous crime against children that
the minor is a person posing as a minor or is otherwise
fictitious if the defendant knew or had reason to know the
purported minor was under fifteen years of age.

T. For the purposes of this section:

1. "Dangerous crime against children" means any of the
following that is committed against a minor who is under
fifteen years of age:
. . .
    (s) Luring a minor for sexual exploitation.

¶29        Haniffa argues, and the court of appeals' majority agreed, that
regardless of the express language of A.R.S. § 13-705(S), the DCAC
sentencing enhancement for the offenses listed under § 13-705(T) applies
only when an actual minor is the victim.

¶30        "In construing a specific provision," courts "look to the
statute as a whole and we may also consider statutes that are *in pari
materia*—of the same subject or general purpose—for guidance and to give
effect to all of the provisions involved." *Stambaugh v. Killian*, 242 Ariz. 508,
509 ¶ 7 (2017). When those methods fail to produce an interpretation, the
Court examines "secondary interpretation methods, including the statute's
subject matter, historical background, effects and consequences, as well as
its spirit and purpose to aid with interpretation." *In re Drummond*, 257 Ariz.
15, 18 ¶ 5 (2024).

¶31        Haniffa points to *Wright*, 243 Ariz. at 119 ¶ 1, to support the
conclusion that the offenses listed in § 13-705(T) are deemed DCAC only
when the victim is an actual minor. In *Wright*, we noted that by "referring
to 'a' minor who 'is' under fifteen, the statute ostensibly refers to an actual
person." *Id.* at 121 ¶ 13. We reasoned that if the Legislature intended to
include fictitious children within the DCAC sentencing scheme, it would
have included specific language to that effect, as it has done in other
statutes. *Id.* at 122 ¶ 17. We suggested a "roadmap" for how to amend

§ 13-705 for the DCAC enhancements to apply to fictitious minors. *Id.* First, the Legislature could alter the definition of "dangerous crime against children" in now-subsection (T)(1) to include "a person posing as a minor under the age of fifteen." *Id.* Second, by comparing § 13-705 to the child prostitution statute in *Polk*, we also suggested that the Legislature could enact a provision providing that it was no defense to a DCAC offense that the involved minor was fictitious. *Id.*

¶32    In 2018, the Legislature added subsection (S). 2018 Ariz. Sess. Laws ch. 181, § 1 (2d Reg. Sess.) (H.B. 2244). The court of appeals and both parties agree that the Legislature enacted § 13-705(S) in response to this Court's decision in *Wright*. *Marner*, 258 Ariz. at 517 ¶ 17.[3] But they disagree as to its meaning. Court of Appeals' Judge Eckerstrom concluded that given the legislative history and placement of subsection (S) immediately after subsection (R), subsection (S) modified only subsection (R), and was an express attempt to limit its effect to the prosecution of preparatory offenses, like those in *Wright*. *Marner*, 258 Ariz. at 518 ¶ 19. However, this interpretation means the DCAC sentencing enhancement would only apply to preparatory offenses, thus punishing preparatory offenses more harshly than completed offenses that do not involve real minors. We are unconvinced that the Legislature would seek this end.

¶33    The dissent, on the other hand, concluded that subsection (S) modifies all the applicable provisions of § 13-705, including subsection (T). *Marner*, 258 Ariz. at 522 ¶ 41 (Gard, J., dissenting). The dissenting judge and Haniffa contend that this reading of subsection (S) would contradict *Wright*'s reading of § 13-705(T). *Id.* at 522 ¶ 40. That is correct. However, we note that *Wright* interpreted the statute before enactment of § 13-705(S).

¶34    We presume the Legislature is aware of Supreme Court decisions and existing case law interpreting the language of a statute. *Daou v. Harris*, 139 Ariz. 353, 357 (1984); *See State v. Superior Court of Pima Cnty.*, 104 Ariz. 440, 442 (1969). *Wright* and subsequent amendments to § 13-705

---

[3] Chief Judge Staring concurred in part of the opinion but declined to "join in the analysis in paragraphs 13-22." *Marner*, 258 Ariz. at 519 ¶ 24 (Staring, C.J., concurring). Accordingly, he did not join in this portion of the majority opinion.

support this presumption. Indeed, after we provided suggestions to the Legislature regarding § 13-705 in *Wright*, the Legislature amended § 13-705 to align with our analysis. The Legislature clarified that for DCAC offenses it is not a defense that there was not an actual minor. A.R.S. § 13-705(S). Then it listed the offenses that are considered dangerous crimes against children. A.R.S. § 13-705(T)(1). Although the amendment was not precisely as suggested in *Wright*, it is not required to be, as the judicial branch merely interprets the meaning of laws. It is the Legislature's prerogative to choose whether to change the law and how to do so.

**¶35** In *SolarCity Corp. v. Ariz. Dep't of Revenue*, we observed that statutory interpretation requires us to look to the plain language of the statute. 243 Ariz. 477, 480 ¶ 8 (2018). We noted that, in doing so, we "read [statutes] in context with other statutes relating to the same subject or having the same general purpose." *Id.*

**¶36** The court of appeals' conclusion that subsection (S) of § 13-705 only modifies subsection (R) of § 13-705 is inconsistent with our interpretive approach in *SolarCity Corp.* Like the statutes in *SolarCity Corp.*, § 13-705(S), (T)(1) and § 13-3554 are read in context together and relate to the same subject with the same general purpose—the elimination of the requirement of an actual minor as a defense. Therefore, they must be read to mean that an actual minor victim is not necessary for DCAC sentencing to apply under § 13-705.

**¶37** "Statutes that are *in pari materia*—[like §§ 13-3554 and 13-705]—are construed together as though they constitute one law." *State ex rel. Dep't of Econ. Sec. v. Hayden*, 210 Ariz. 522, 523 ¶ 7 (2005). Haniffa's argument that the absence of an actual minor prevents application of § 13-705 sentencing enhancements is unpersuasive. When §§ 13-3554 and 13-705 are read together as one law and considered via their logical relations, subsections (B) (of § 13-3554) and (S) (of § 13-705) independently establish that the luring of a fictitious minor is not a defense. These two statutes together illuminate the Legislature's objective: eliminate the fictitious minor defense.

**¶38** In *Serrato*, this Court declined to "speculate about the meaning of language the [L]egislature chose not to enact." *Serrato*, 568 P.3d at 763 ¶ 32. This is because pre-enactment history is a notoriously "unsure

and unreliable guide" to statutory meaning. *City of Flagstaff v. Mangum*, 164 Ariz. 395, 401 (1990). Here, the reason for the Legislature's decision to enact subsection (S), rather than adding that language into the definition in subsection (T), is unclear. As the court of appeals dissent notes, it is equally plausible that the Legislature chose the broader, categorical fix in subsection (S). *Marner*, 258 Ariz. at 516 ¶ 12. As we did in *Serrato*, we also decline to speculate here. Accordingly, to the extent *Wright* limited application of any portion of A.R.S. § 13-705 to actual minors only, thereby excluding fictitious minors, given the subsequent addition of subsection (S), we disavow it.

¶39　　　We note that the 2025 amendment to § 13-705(T)(1) added language expressly stating that a DCAC includes an offense committed against "a person posing as a minor if the defendant knew or had reason to know that the purported minor was under fifteen years of age." The legislative amendment tracks this Court's guidance in *Wright*. *See* 243 Ariz. at 122 ¶ 17. Although this amendment is part of § 13-705's statutory history, it does not mark a shift in legislative policy. It reinforces what the Legislature already made clear in 2018: DCAC enhancements apply even when the minor is fictitious. The 2025 amendment aligns subsection (T)(1) with the broader sentencing framework, especially § 13-705(S), and corrects the court of appeals' misunderstanding one year earlier in *Marner*.

¶40　　　Our conclusion that the amendments adding subsection (S) and language to (T)(1) are duplicative does not implicate the surplusage canon where the Legislature is likely attempting to correct an erroneous court of appeals' interpretation of the initial amendment. If subsection (S) and the 2025 amendments to (T)(1) are duplicative, it is likely because the Legislature was trying to navigate the hurdles our appellate courts had placed before it.

¶41　　　The court of appeals majority found that applying § 13-705(S) to the entire statute would conflict with § 13-705(T). We disagree. In *Nicaise*, we held that "[a] cardinal principle of statutory interpretation is to give meaning . . . to every word and provision so that no word or provision is rendered superfluous." 245 Ariz. at 568 ¶ 11. To find that § 13-705(S) conflicts with subsection (T), as the court of appeals suggests, is to assume that one of these provisions is superfluous. If subsection (T) was to require

an actual minor, there is no scenario in which subsection (S) applies to the plethora of offenses in subsection (T).  Following *Nicaise*, we conclude that the Legislature did not render subsection (S) superfluous.  The addition of subsection (S) is not conflicting; rather, it is an addition which equally applies to subsection (T).  Thus, the sentencing enhancement applies even when the minor is fictitious.

¶42            Haniffa argues we should apply the rule of lenity.  The rule of lenity dictates that any doubts be resolved in favor of the defendant.  *Serrato*, 568 P.3d. at 763 ¶ 33.  We decline to do so.  We only apply the rule of lenity if after all reasonable tools of interpretation have been applied, a reasonable doubt persists.  *Id.*  Thus, "absent ambiguity, the rule of lenity does not apply."  *Id.* (quoting *State v. Fink*, 256 Ariz. 387, 389 ¶ 9 (App. 2023)).   We conclude the meaning of §§ 13-3554 and 13-705 are unambiguous by construing the statutory text in its broader context, including related statutes, and considering relevant statutory history.  Because §§ 13-3554 and 13-705 are unambiguous in context, we need not apply this "construction principle of last resort."  *See id.* (quoting *State v. Bon*, 236 Ariz. 249, 253 ¶ 13 (App. 2014)).

¶43            Haniffa also argues that the State's reading of § 13-705(S) would produce absurd results by automatically subjecting every offense listed in subsection (T) to enhanced DCAC sentencing—even if the offense was incomplete, involved no real minor, or lacked key elements.  But as the Attorney General's amicus brief explains, this misstates the statute's effect.  Section 13-705(S) does not modify the elements of the underlying offenses; it removes the fictitious-minor defense at sentencing *after* a valid conviction.  Whether a defendant can be convicted of an offense involving a fictitious minor depends on the elements of the specific crime—not on § 13-705(S), which only governs enhancements once those elements are met.  Accordingly, neither lenity nor absurdity alters the analysis, and the statutory text and history confirm the Legislature's intent.

¶44            Although § 13-705(S) does not modify the elements of the underlying offense, it does heavily correlate to § 13-3554(B).  As noted by the court of appeals' dissent, reading and analyzing statutes, like these two, offers "a comprehensive statutory scheme governing" both the prosecution of and sentencing for luring.  *Columbus Life Ins. Co. v. Wilmington Tr. N.A.*,

255 Ariz. 382, 385 ¶ 15 (2023). We agree. Sections 13-3554(B) and 13-705(S) both provide that it is not a defense that the minor involved is fictitious. To be clear, these statutes are different: § 13-3554(B) applies to the prosecution and § 13-705(S) applies to the sentencing. Subsection 13-705(S) does not add an element to prosecution, as Haniffa argues. However, they are both part of the regulatory scheme governing the consequences for the luring of minors. They both provide that the charge and enhanced sentencing apply even when the minor is fictitious. Finally, they both apply to the entire section of their respective statutes, not only to discrete subsections, as Haniffa suggests.

¶45 Finally, we note that public policy considerations support our holdings today. Effecting harsh punishment on persons who intend to prey on minors but fail to do so based on factual impossibility is a rational goal of criminal deterrence and is consistent with the Legislature's foundational public policy concerning criminal law. *See* § 13-101(1), (5) (stating the public policy of the state is "[t]o proscribe conduct that . . . causes or threatens substantial harm to individual or public interests" and to ensure public safety by preventing offenses "through the deterrent influence of the sentences authorized").

¶46 While DCAC statutes historically focused on harm to actual children, the Legislature has consistently expanded child-protection crimes to include threat-based and risk-based offenses. Luring exemplifies this shift: it criminalizes conduct at the solicitation stage, before physical harm occurs. Once the Legislature made luring a listed DCAC offense (§ 13-705(T)(1)(a)(xix)), the relevant "harm" became the creation of imminent risk to children as a class, not injury to a particular child.

## CONCLUSION

¶47 We hold that neither § 13-3554 nor § 13-705 require an actual minor victim for the deployment of DCAC sentencing enhancement. We vacate the court of appeals' opinion. We reverse the superior court's ruling dismissing the DCAC allegation against Haniffa on a charge of luring a minor for sexual exploitation under § 13-3554(C), and remand for resentencing.

BOLICK, J., dissenting.

**¶48** The issue before us is whether A.R.S. § 13-3554(C) authorizes enhanced punishment for the crime of luring a minor for sexual exploitation when the subject of the offense was a fictitious minor under fifteen years old.[4] The majority is correct that the statutes outlined in title 13, chapter 35.1, and A.R.S. § 13-705 constitute a comprehensive statutory scheme. *Supra* ¶ 44. However, it is a scheme that consistently bifurcates the elements of the crime and the punishment. As the fictitious minor provision applies by its terms only to the prosecution and not to the enhanced penalty under § 13-705, I would hold that § 13-3554(C) requires the State to prove beyond a reasonable doubt that the subject of the offense was an actual minor under fifteen years old to enhance the defendant's sentence.

> **A.** **The Defendant's Subjective Belief That "The Other Person Is A Minor" (§ 13-3554(A)) Is Immaterial To The Jury's Bifurcated Finding That "The Minor Is Under Fifteen Years Of Age" (§ 13-3554(C)).**

**¶49** For a jury to convict a defendant of luring, the State must prove beyond a reasonable doubt that: (1) the defendant "offer[ed] or solicit[ed] sexual conduct with *another person*"; and (2) the defendant "kn[ew] or ha[d] reason to know that *the other person* is a minor." § 13-3554(A) (emphasis added). The "minor" is the "person" who is the subject of the offense, whom the defendant perceives as younger than eighteen years old. *See* A.R.S. § 1-215(21) (defining "minor" as "a person under eighteen years of age").

**¶50** The subject's purported age is relevant to whether the defendant acted with the requisite mens rea. *See* § 13-3554(A). But the subject's actual age is not an element of the offense because a jury may convict a defendant of luring regardless of the subject's age. *See* § 13-3554(B). Thus, the defendant need not commit the offense against an

---

[4] In this case, we review the statutory scheme as it was codified in 2024—when the defendant allegedly committed the offense.

actual minor victim. So long as the defendant believes "that the other person is a minor," a jury can find the defendant guilty of luring. *See* § 13-3554(A).

**¶51** At issue in this case is § 13-3554(C), which relates to the trial court's sentencing decision. Subsection (C) consists of two parts: (1) "[l]uring a minor for sexual exploitation is a class 3 felony"; and (2) "if the minor is under fifteen years of age it is punishable pursuant to § 13-705." The first clause supplies the offense classification. It conveys the severity of the offense and provides guidance for a trial court to determine the penalties that it may impose upon a defendant. *See* A.R.S. §§ 13-701 to -720 (prescribing the penalties for various offenses based on the offense classification).

**¶52** The second clause is a proviso that conditions the offense's sentence classification, subjecting the defendant to enhanced punishment "if the minor is under fifteen years of age." If the enhancement applies, "the degree of the felony is irrelevant" because the Dangerous Crime Against Children ("DCAC") statute would "replace the usual sentencing scheme." *See State v. Williams*, 175 Ariz. 98, 102 (1993).

**¶53** As a matter of structure, context, and plain meaning, subsection (B)'s expansion of "minor" to include fictitious minors applies only to subsection (A), not subsection (C). If subsection (B) applied to both, it would be odd to sandwich it between the two rather than following both. By its express terms, it relates to a "defense to prosecution," which pertains to subsection (A), which establishes the elements of the crime that must be proven at trial, not to the sentence prescribed in subsection (C). Subsections (A) and (B) both refer generically to a "minor," whereas the enhanced penalty of subsection (C) refers to a minor of a specific age (a minor who "is under fifteen years of age"). The enhanced sentence referred to in subsection (C) falls within the ambit of "dangerous crimes *against children*," referring expressly to the victim, not a fictitious victim. For all those reasons, applying subsection (B) to the enhanced penalty provision in subsection (C) promotes statutory discord rather than harmony, and it surely does not provide fair notice of the range of possible sentences.

¶54        The determination of whether "the minor is under fifteen years of age" is an aggravating circumstance because it "increases the maximum penalty" for the crime and, as such, it "must be charged in an indictment, submitted to a jury, and proven beyond a reasonable doubt." *See Apprendi v. New Jersey*, 530 U.S. 466, 476 (2000) (quoting *Jones v. United States*, 526 U.S. 227, 243 n.6 (1999)); *see also* § 13-701(C) (restricting a trial court's application of the DCAC enhancement pursuant to § 13-705 unless a jury first finds the aggravating circumstance beyond a reasonable doubt). The DCAC enhancement requires additional findings that are *bifurcated* from the elements of the offense because "the verdict alone does not authorize the sentence." *See Blakely v. Washington*, 542 U.S. 296, 305 & n.8 (2004); § 13-701(C).  Thus, the finding that "the other person is a minor" in subsection (A) is separate from the finding that "the minor is under fifteen years of age" in subsection (C).

¶55        And unlike subsection (A), subsection (C) does not incorporate the defendant's subjective belief about the minor's age to determine whether the enhancement applies.  The statutory scheme does not require proof that the defendant knew the victim's purported age to apply the DCAC enhancement.  *See State v. Sepahi*, 206 Ariz. 321, 323 ¶ 12 (2003) ("[T]he defendant need not know the victim's age to be subject to sentencing under [the DCAC statute], but rather . . . 'only that the victim must be the person against whom the crime is directed.'" (quoting *Williams*, 175 Ariz. at 103)); *State v. Villegas*, 227 Ariz. 344, 345 ¶ 3 (App. 2011) ("Our [S]upreme [C]ourt has made clear that a defendant's knowledge or subjective belief of the victim's age is irrelevant in determining whether the enhancement should apply—the only germane consideration is whether the defendant directed his or her conduct at a person under the age of fifteen." (citing *Sepahi*, 206 Ariz. at 324 ¶¶ 17, 19)).  Hence, the subject's actual age is a prerequisite if the State seeks to enhance a defendant's luring sentence under subsection (C).

¶56        Moreover, the DCAC statute is victim-oriented.  *See Wright v. Gates*, 243 Ariz. 118, 121 ¶ 16 (2017) (finding that the DCAC statute seeks "to provide enhanced punishment for offenders who harmed actual—not fictitious—children"); *State v. Wagstaff*, 164 Ariz. 485, 490–91 (1990) ("The [L]egislature's purpose in enacting the Dangerous Crimes Against Children

20

Act" was to "[p]rotect[] the *children* of Arizona and punish[] severely those who prey on them." (emphasis added)).  Adopting the argument that an adult officer constitutes a "minor" belies the plain meaning of subsection (C) and could result in illogical consequences.  For example, under the majority's view, a trial court may enhance a defendant's luring sentence pursuant to the DCAC statute if the subject of the offense was an adult officer posing as a fourteen-year-old, but not if the officer instead posed as a fifteen-year-old.  *See supra* ¶¶ 25–26.

¶57        The respective sentencing schemes also illustrate a need to read subsection (C) with particularity.  The presumptive sentence of a Class 3 felony for a first-time offender is three and a half years.  A.R.S. § 13-702(D).  Under the DCAC statute, the presumptive sentence of an adult convicted of luring a minor for sexual exploitation (as a first-time DCAC offender) is ten years.  § 13-705(G).  Neither simple luring nor DCAC luring is eligible for early release, with few exceptions.  §§ 13-705(G), -3554(C).  Given the comparative consequences, we should insist that if the Legislature wishes to impose a much more severe penalty even when the object of the crime is not an actual minor, it must do so with specificity, not opacity.

¶58        Indeed, resolving ambiguity in the State's favor violates both constitutional and statutory norms.  The rule of lenity requires a reading of the statute in the defendant's favor given that subsection (C) fails to specify that defendants convicted of targeting fictitious minors are subject to the enhancement.  As Justice Scalia remarked for the Court in *United States v. Santos*, 553 U.S. 507, 514 (2008), "[u]nder a long line of our decisions, the tie must go to the defendant. . . .   This venerable rule . . . vindicates the fundamental principle that no citizen should be . . . subjected to punishment that is not clearly prescribed."  The laborious statutory analysis required here, as reflected by both the majority and dissenting opinions, illustrates well that the punishment here is not clearly prescribed.

¶59        Arizona law is to the same effect.  As a majority of this Court recently observed, "the provisions of a penal statute 'must be construed according to the fair meaning of their terms to promote justice and effect the objects of the law, including the purposes stated in § 13-101.'"  *State v.*

*Gordon*, CR-24-0064-PR, slip op. at 3 ¶ 13 (Ariz. Dec. 12, 2025) (citing A.R.S. § 13-104).  The Court cited § 13-101(2), which states that the "public policy of this state and the general purposes of the provisions of this title are . . . [t]o give fair warning of the nature of the conduct proscribed *and of the sentences authorized upon conviction.*"  § 13-101(2) (emphasis added).  As I view the statute at issue here as much more ambiguous than the enhanced penalty statute at issue in *Gordon*, CR-24-0064-PR, slip op. at 8 ¶¶ 37–41, 11–12 ¶¶ 56–59 (Bolick, J., dissenting), we should follow that precedent and not apply the severe enhanced penalty here absent clear statutory direction that we do so.

### B.  Section 13-3554(B) Does Not Modify § 13-3554(C).

¶60        According to the majority, the Arizona Legislature's express statements prohibiting the fictitious minor defense "to a prosecution" apply beyond the State's prosecution of the offense at trial.  *Supra* ¶¶ 16, 19–20 (citing § 13-3554(B)).

¶61        The majority asserts that the defendant could present mitigating evidence at sentencing to persuade the court to impose a lesser sentence—i.e., to defend against the imposition of a maximum or enhanced sentence.  *Supra* ¶ 16.  But unlike the aggravating factor in subsection (C), which requires a jury finding, only trial courts consider mitigating evidence and find mitigating factors based on the evidence presented at trial and sentencing.  § 13-701(C), (E).  Section 13-3554(B) neither impliedly nor explicitly prohibits a trial judge from considering evidence that the crime was effectively victimless because it involved a fictitious minor.  *See* A.R.S. § 13-4401 ("'Victim' means a *person* against whom the criminal offense has been committed, including a minor." (emphasis added)).  And § 13-701 uses the phrase "a defense to prosecution" to describe a complete defense used at trial.  *See* § 13-701(E).  It follows that the Legislature does not view "a defense to prosecution" as incorporating a defendant's arguments against a maximum or enhanced sentence.

¶62        Instead, the Legislature has explained that a sentencing court "shall consider" evidence that mitigates a defendant's culpability but not to a degree that would have negated an element of the charged offense.  *See*

§ 13-701(E)(4). In these provisions, the Legislature chose to distinguish mitigating evidence at sentencing from evidence that would constitute "a defense to a prosecution." § 13-701(E) ("the court shall consider . . . 2. [t]he defendant's capacity to appreciate the wrongfulness of the defendant's conduct or to conform the defendant's conduct to the requirements of law was significantly impaired, *but not so impaired as to constitute a defense to prosecution*"; "3. [whether t]he defendant was under unusual or substantial duress, *although not to a degree that would constitute a defense to prosecution*"; "4. [t]he degree of the defendant's participation in the crime was minor, *although not so minor as to constitute a defense to prosecution*" (emphasis added)).

**¶63** A defense to negate an element of the offense is needless at sentencing because the State would have already proven each element beyond a reasonable doubt. Yet, while evidence that the subject of the offense was not an actual minor would not negate an element of the offense, it may serve as mitigating proof to persuade the court to impose a lesser sentence. *See* § 13-701(E)(6) ("the court shall consider . . . [a]ny other factor that is relevant to the defendant's character or background or to the nature or circumstances of the crime and that the court finds to be mitigating").

**¶64** Interpreting § 13-3554(B) to prohibit the fictitious minor defense at sentencing would improperly expand the statute's scope beyond the Legislature's stated intent. *See State ex rel. Ariz. Dep. of Revenue v. Tunkey*, 254 Ariz. 432, 437 ¶ 26, 438 ¶ 31 (2023) (Bolick, J., concurring) ("[T]he words of a statute are not 'evidence' of anything. They are the law. . . . The temptation to correct perceived legislative error or expand statutes beyond their plain meaning can lead the Court to transgress legislative power."). The bifurcated structure of prosecution and sentencing are reflected throughout the statutory scheme, and subsection (B) relates only to the former.

## C. The Post-*Wright* Amendments To § 13-705 Fail To Demonstrate An Intent To Define Subsection (C) As The Majority Proposes.

**¶65** The majority contends that the Legislature intended to incorporate actual and fictitious minors within the enhanced penalty

23

provision in § 13-3554(C) based on its amendments to § 13-705 following this Court's decision in *Wright*. *Supra* ¶ 34. However, reading § 13-3554 *in pari materia* with § 13-705 does not lead to the interpretation that the majority proposes. Doing so supports the proposition that subsection (C) requires an actual minor as the subject of the offense.

¶66        This Court "consider[s] statutes that are *in pari materia*—of the same subject or general purpose—for guidance and to give effect to all of the provisions involved." *In re M.N.*, 259 Ariz. 120, 124 ¶ 20 (2025) (quoting *In re Drummond*, 257 Ariz. 15, 18 ¶ 5 (2024)). "*In pari materia* is a primary tool of interpretation and ambiguity is not a prerequisite to applying it." *State Farm Auto. Ins. Co. v. Orlando*, 259 Ariz. 531, 536 ¶ 24 (2025).

¶67        "It is a logical consequence of this contextual principle that the meaning of an ambiguous provision may change in light of a subsequent enactment." Antonin Scalia & Bryan A. Garner, *Reading Law: The Interpretation of Legal Texts* 254-55 (2012) (citing *United States v. Stewart*, 311 U.S. 60, 64 (1940)).

### 1.  Section 13-705(S)

¶68        In *Wright*, the defendant was convicted of solicitation to commit child molestation, and he had committed the offense against "a fictitious child." 243 Ariz. at 119 ¶ 1. Solicitation to commit child molestation is a DCAC crime in the second degree, § 13-705(M); *see Wright*, 243 Ariz. at 120 ¶ 9, and child molestation is automatically punishable pursuant to the DCAC statute, A.R.S. § 13-1410(B) ("Molestation of a child is a class 2 felony that is punishable pursuant to section 13-705."). However, § 13-1410(A) requires that the victim be "a child who is under fifteen years of age," and unlike luring, the statute does not prohibit defendants from asserting a fictitious minor defense. Additionally, at the time of the *Wright* decision, the DCAC statute provided that child molestation was a DCAC crime if "committed against a minor who [was] under fifteen years of age." *Wright*, 243 Ariz. at 120 ¶ 8. Therefore, our Court held that this phrase in the DCAC statute "require[d] an actual child victim for DCAC enhanced sentences to apply." *Id.* at 121–22 ¶¶ 15, 18.

¶69        After *Wright*, the Legislature amended the DCAC statute to include § 13-705(P) (2018), now codified as § 13-705(S).  Under § 13-705(S), "[i]t is not a defense to a dangerous crime against children that the minor is a person posing as a minor or is otherwise fictitious if the defendant knew or had reason to know the purported minor was under fifteen years of age."

¶70        While the Legislature added subsection (S) to § 13-705, it did not amend the definition of a DCAC crime to include fictitious minors.  *See* § 13-705(S) (2022) (defining a DCAC crime as one of twenty-three enumerated crimes "committed against a minor who is under fifteen years of age").  The Legislature's decision to leave the DCAC crime definition untouched signals its acceptance of this Court's interpretation in *Wright*.

¶71        But § 13-705(S) is not meaningless.  Section 13-705(S) alters our understanding of *Wright* as to crimes automatically punishable pursuant to § 13-705, subject only to the restrictions in the DCAC statute.  These crimes are DCAC crimes without provisions like § 13-3554(C) that restrict the application of the DCAC enhancement.  They include (1) child molestation; (2) child sex trafficking under § 13-3212(B)(1); (3) continuous sexual abuse of a child; and (4) manufacturing methamphetamine under circumstances that cause physical injury to a minor:

(1)     "Molestation of a child is a class 2 felony that is punishable pursuant to section 13-705."  A.R.S. § 13-1410(B).

(2)     "Child sex trafficking pursuant to subsection B, paragraph 1 of this section is a class 2 felony and is punishable pursuant to section 13-705."  A.R.S. § 13-3212(E).

(3)     "Continuous sexual abuse of a child is a class 2 felony and is punishable pursuant to section 13-705."  A.R.S. § 13-1417(B).

(4)     "A person who violates this section is guilty of a class 2 felony and is punishable as provided by section 13-705."        A.R.S.        § 13-3407.01(B)

("manufacturing methamphetamine under circumstances that cause physical injury to a minor").

¶72 For example, child molestation was automatically punishable pursuant to § 13-705 at the time of the *Wright* decision; but this Court dismissed the DCAC enhancement in *Wright* because a crime committed against a fictitious child did not qualify as a DCAC crime under the statute. *See Wright*, 243 Ariz. at 122 ¶ 18. The child molestation statute did not preclude the enhancement's application. It was a restriction within the DCAC statute.

¶73 Today, § 13-705(S) would authorize the trial court to apply the DCAC enhancement to Wright's sentence because subsection (S) forbids a defendant's use of the fictitious minor defense against DCAC crimes. Because Wright could not use this as a defense, the facts of his case would satisfy the definition of a DCAC crime as provided under § 13-705(T)(1). Therefore, the Legislature's addition of § 13-705(S) effectively corrected the result in *Wright*.

¶74 Still, § 13-705(S) specifies that it applies to "dangerous crime[s] against children." Therefore, § 13-705(S) has no effect on non-DCAC crimes. Child molestation always constitutes a DCAC crime. The same is not true of luring. Simple luring is not a DCAC crime in which § 13-705(S) would automatically apply. If a defendant committed luring against a minor who is fifteen years old, the offense would not be a DCAC crime because it fails to satisfy subsection (C). In that case, § 13-705(S) would have no effect on the defendant's luring conviction. And as explained above, this case involves simple luring.

### 2. Section 13-705(T) (2025)

¶75 The 2025 amendment to the DCAC statute also illustrates that the Legislature did not originally intend § 13-705(S) (prohibiting the fictitious minor defense) and § 13-705(T) (defining dangerous crimes against children) to be read together. In 2017, this Court explained in *Wright*, "if the [L]egislature intended to include fictitious children within the DCAC sentencing scheme, it would have included language such as 'a

person posing as a minor under the age of fifteen'" within the DCAC crime definition. *Wright*, 243 Ariz. at 122 ¶ 17. The Legislature waited until 2025 to amend § 13-705(T)(1) to include fictitious minors: "'Dangerous crime against children' means any of the following that is committed against a minor who is under fifteen years of age *or against a person posing as a minor* if the defendant knew or had reason to know that the purported minor was under fifteen years of age." 2025 Ariz. Sess. Laws ch. 75, § 1 (1st Reg. Sess.) (S.B. 1585).

¶76     The Legislature's decision to add a separate provision in 2022, in lieu of modifying the definition of DCAC crimes under § 13-705(T)(1) as it did in 2025, suggests that the Legislature previously intended Arizona courts to read § 13-705(S) and (T) separately. The post-*Wright* amendments to § 13-705 make clear that the Legislature did not originally intend to apply § 13-705(S) to § 13-705(T), or for that matter, § 13-3554(C).

¶77     Reading § 13-3554(C) *in pari materia* with § 13-705 does not reasonably lend to an interpretation that, under subsection (C), an adult officer posing as a minor under fifteen years old constitutes a minor under fifteen years of age. And this reading does not do harm to the purpose and meaning of the respective statutes, as defendants who commit the underlying offenses against fictitious minors do not circumvent punishment for these offenses.

### 3. Arizona courts recognize that subsection (C) requires an actual minor.

¶78     "[T]he principle of stare decisis . . . has special force in statutory cases," such that an ambiguous provision that "has already been given an authoritative judicial interpretation" does not "change in light of a subsequent amendment." Scalia & Garner at 254–55. The Legislature "can change the law whose meaning the prior judicial interpretation established. But once that meaning *has* been established, the meaning cannot change 'in light of' a later statute with which a different meaning would be more compatible." *Id.* at 255 (emphasis in original).

**¶79**        As applied here, Arizona courts have consistently understood that the phrase "the minor" as it framed in § 13-3554(C) refers to an actual minor under fifteen years old.  *See State v. Farnsworth*, 243 Ariz. 150 (2017) (dec. order) (vacating the court of appeals' holding that the DCAC statute applied to a defendant convicted of luring who had targeted an officer posing as a minor under the age of fifteen); *Mejak v. Granville*, 212 Ariz. 555, 557 ¶ 13 (2006) (relying on "[t]he use of the phrase 'the minor' in subsection (C)" to conclude that subsection (A) "is violated only when an actual minor is lured" "unless subsection (B) applies"); *State v. Villegas*, 227 Ariz. 344, 345 ¶ 3 (App. 2011) ("[I]t is immaterial that Villegas believed he was targeting a fourteen-year-old girl" because "the plain language of §§ 13-705 and 13-3554 precludes application of the DCAC sentence enhancement when, as here, the victim is not under the age of fifteen."); *State v. Regenold*, 227 Ariz. 224, 226 ¶ 4 (App. 2011) ("[T]he plain language of § 13-3554(C) requires the victim to actually be a minor under 15 years of age for a court to sentence the defendant under [the DCAC statute]."); *State v. Hollenback*, 212 Ariz. 12, 16 ¶ 13 (App. 2005) ("When the victim is older than fifteen, the statutes are silent and the general sentencing scheme would apply."); *State v. Hazlett*, 205 Ariz. 523, 528 ¶ 12 (App. 2003) ("This conclusion that the term 'minor' as employed in A.R.S. § 13-3553 is intended to refer to an 'actual child' finds further support in subsection (C) of the statute, which sets forth the penalty for the offense."); *see also State v. Farnsworth*, 241 Ariz. 486, 495 ¶ 43 (App. 2017) (Eckerstrom, C.J., concurring in part) (explaining that the Legislature "expressly excluded DCAC enhancement when the target [of luring] was not an actual minor under the age of fifteen"), *majority opinion partially vacated by* 243 Ariz. 150.

**¶80**        Yet the Legislature has opted not to amend subsection (C) of the luring statute to include fictitious minors.  *See* § 13-3554(C).  Even the state has previously conceded "that the DCAC allegation for [a] luring charge should be dismissed" when "there was no actual victim under the age of [fifteen] involved."  *See State v. Bejarano*, 2 CA-CR 2012-0073, 2013 WL 1707693, at *1 ¶ 4 (Ariz. App. Apr. 19, 2013) (mem. decision) (internal quotation marks omitted) (alteration in original).

**¶81**        And to the extent that other Arizona cases have defined "the minor" in subsection (C) as including fictitious minors, those holdings are

dicta or lack precedential value. *See State v. Moninger*, 258 Ariz. 18, 26 ¶ 39 (2024) (identifying that luring a fictitious minor under the age of fifteen was a first degree DCAC offense, thus making the defendant ineligible for probation); *State v. McNulty*, 573 P.3d 581, 592 ¶ 42 (Ariz. App. 2025) (agreeing with the dissent in the court of appeals' decision here); *State v. Garner*, 2 CA-CR 2023-0221-PR, 2024 WL 1071884, at *1–2 ¶ 7 (Ariz. App. Mar. 12, 2024) (mem. decision) (holding that § 13-3554(C) does not "refer[] only to a 'minor . . . under fifteen years of age'" because reading the provision as such "would create a conflict with § 13-705"); *see also State ex rel. Polk v. Campbell*, 239 Ariz. 405, 408 ¶ 15 (2016) (declining to decide whether "*Regenold* and *Villegas* were correctly decided").

**¶82**        In this case, no actual minors, much less a minor under age 15, were involved in the offense. The plain meaning of § 13-3554(C) establishes that a trial court may not enhance the sentence of a defendant convicted of luring unless the subject of the offense is an actual minor under fifteen years old. The effort required to cobble together a contrary meaning at best demonstrates the statute's ambiguity, which requires dismissal of enhancement because the statute does not "clearly prescribe" the penalty. Therefore, the court of appeals was correct in affirming the trial court's dismissal of the DCAC sentencing enhancement. For these reasons, and with great respect to my colleagues, I dissent.